## NOVEMBER SESSION, 1873, IN BOSTON.

### [CONTINUED FROM VOL. CXIII.]

---

PRESENT:

Hon. HORACE GRAY, CHIEF JUSTICE.
Hon. JOHN WELLS,
Hon. JAMES D. COLT,
Hon. SETH AMES, } JUSTICES.
Hon. MARCUS MORTON,
Hon. WILLIAM C. ENDICOTT,

---

## SUFFOLK COUNTY.

### JAMES J. GRACE vs. CHARLES H. DENISON.

A written agreement to convey land "for $25,000, and mortgage to remain at five per cent. for five years," is not a sufficient memorandum of sale to be specifically enforced in equity.

BILL IN EQUITY for specific performance, alleging that the defendant, being seised of a parcel of land, and the house thereon, situated on Hayward Place, in Boston, sold it to the plaintiff for $25,000 ; $50 to be paid down, $4,950 to be paid on the delivery of the deed, and $20,000, bearing five per cent. interest, to remain upon a mortgage in the usual form. The plaintiff alleged

that he had paid the $50, and that the defendant had signed this agreement: " Boston, February 18, 1873. Received from J. J. Grace the sum of fifty dollars as part payment of house No. 2 Hayward Place, sold to him on this day for ($25,000) twenty-five thousand dollars, and mortgage to remain at 5 per cent. for five years. Charles H. Denison."

The defendant demurred for the cause " that such contract as the plaintiff alleges to be in writing and signed by the defendant is not sufficient to enable a court of equity to decree specific performance thereof."

*S. Wells & F. L. Hayes*, for the defendant.

*A. R. Brown*, for the plaintiff.

WELLS, J. The memorandum of agreement indicates that a part of the purchase money was agreed to be secured by mortgage of the premises to be conveyed. But it does not disclose nor furnish any means for the court to ascertain what part or amount is to remain upon mortgage, and what paid in cash upon delivery of the deed. The statute of frauds does not permit such a contract to be enforced without a memorandum of it in writing, signed by the party to be charged. The court cannot therefore go outside of this writing to ascertain what the real agreement of the parties was in this particular. The writing being incomplete in one of its essential terms, and the court having no means to which it can lawfully resort to supply the defect, specific performance must fail. Fry on Specific Performance, §§ 221, 222 & note 7. Browne on St. Frauds, §§ 376, 381. *Boston & Maine Railroad* v. *Babcock*, 3 Cush. 228, 232.

*Demurrer sustained.*