MARY ELLIOT *vs.* DAVID A. BARRETT.

Middlesex.   Nov. 12, 1886. — March 23, 1887.   HOLMES & GARDNER, JJ.,
· absent.

A. placed a parcel of land for sale in the hands of a broker, who made an oral contract to sell it to B.; and entered a memorandum in his book, containing the date of the sale, the name of the purchaser, and the price for which the property was sold, but not specifying the terms of sale. Before this memorandum was entered, A. had made a contract for the sale of the land to a third person, and so notified the broker. B. then brought an action against A. for a refusal to convey the land to him. *Held*, that there was no sufficient memorandum of the contract with B., within the statute of frauds, Pub. Sts. *c.* 78, § 1; and that the action could not be maintained.

CONTRACT, for breach of an agreement to convey to the plaintiff certain real estate on Cedar Park in Melrose. Answer, the statute of frauds. Trial in the Superior Court, without a jury, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows:

One Hannaford, a real estate broker, testified that the defendant, in the year 1882, placed said real estate in his hands for sale; that shortly before October 13, 1883, he had negotiations with one J. M. Elliot, the husband of the plaintiff, (who testified that he was acting for the plaintiff,) for a sale of the premises; that he, Hannaford, made an oral contract with the plaintiff through her husband, on October 12 or 13, 1883, to sell said premises to the plaintiff upon the following terms: $100

was to be paid on the delivery of the deed, and $100 was to be paid on January 1, following, and $600 during the year from the first payment was to be paid on the second mortgage; that the date of that payment was not fixed, but was to be within the year; that there was a first mortgage of $2000 on the place, and the second mortgage was to be $1400, all to be paid within three years; that some time early the following week, but on what day he could not state, he made memoranda of said sale upon two books, one of which was as follows: "Oct. 13. Sold for $3500 to J. M. Elliot;" the other memorandum being as follows: "Oct. 5. J. M. Elliot, Melrose. Barrett's C. Park. Oct. 13 sold for $3500."

The plaintiff offered evidence tending to show that she seasonably tendered $100 to the defendant, and demanded a deed of the premises, which the defendant refused to give.

It appeared that October 13 was Saturday; that on that day the defendant made a contract for the sale of said premises to another person through another broker, and so informed Hannaford in the evening of that day; and that Hannaford on Monday, October 15, gave the key of said premises to J. M. Elliot, and he on that day went into the house on said premises.

Upon the foregoing evidence, the judge ruled that the action could not be maintained; and found for the defendant. If the ruling was right, judgment was to be entered for the defendant; otherwise, the plaintiff to have judgment for $75 and costs of suit.

*A. V. Lynde*, for the plaintiff.

*J. F. Wiggin & B. M. Fernald*, for the defendant.

C. ALLEN, J. There was no memorandum signed by the defendant, "or by some person thereunto by him lawfully authorized," as required by the statute of frauds. Pub. Sts. *c.* 78, § 1. Hannaford made no memorandum until after the defendant had contracted to sell the land to another purchaser, and had so informed Hannaford; whereby his authority ceased. Moreover, the contract as made by Hannaford was not expressed in either memorandum. The terms of sale were omitted. If Hannaford was authorized to make, in behalf of the defendant, the contract as testified to by him, he was not authorized to make a memorandum of it which differed in

respect to the terms of sale. *Morton* v. *Dean*, 13 Met. 385. *Coddington* v. *Goddard*, 16 Gray, 436, 443, 445. *Dodd* v. *Farlow*, 11 Allen, 426. *Boardman* v. *Spooner*, 13 Allen, 353. These objections are sufficient to defeat the action, without considering others.                    *Judgment for the defendant.*