ALBERT H. HAYES *vs.* CHARLES E. JACKSON.

Suffolk.   December 8, 1892. — September 6, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Contract for Sale of Land — Memorandum — Statute of Frauds.*

A memorandum, dated and signed by B., recited as follows: "Received of A. one hundred dollars on account of sale of estate number 379 C. Avenue, for the sum of $14,140, subject to a mortgage of 8,000 dollars on 4½ per cent interest, and I agree to pay the 140 dollars as commission to J. Rents and insurance and interest to be adjusted to date. Title to be passed within ten days from date." In an action by A. against B. upon the contract for the sale of the land, it appeared that the assumption of the mortgage of $8,000 was a part of the consideration, and went to make up the sum of $14,140 mentioned in the memorandum. *Held,* that, under the statute of frauds, Pub. Sts. c. 78, § 2, the memorandum was sufficient to satisfy the requirements of § 1, cl. 4. FIELD, C. J. & KNOWLTON, J. dissenting.

HOLMES, J.   This is an action upon a contract for the sale of land.   The judge has found for the plaintiff, and the only question is whether the memorandum was sufficient to satisfy the Statute of Frauds.   Pub. Sts. c. 78, § 1, cl. 4.   The memorandum was as follows:

"Boston, April 6, 1889.   Received of Albert H. Hayes one hundred dollars on account of sale of estate number 379 Columbus Avenue, for the sum of $14,140, subject to a mortgage of 8,000 dollars on 4½ per cent interest, and I agree to pay the 140 dollars as commission to James C. Tucker.   Rents and insurance and interest to be adjusted to date.   Title to be passed within ten days from date.   C. E. Jackson."

On the face of it this discloses no defect.   But as the defendant and the plaintiff agreed in their testimony that the assumption of the mortgage of $8,000 was part of the consider-

ation, and went to make up the sum of $14,140 mentioned, we assume that the judge found accordingly, and that it is open to the defendant to argue that the memorandum does not agree with the fact, but sets forth an agreement which was never made to pay $14,140 for the equity of redemption. Whether this argument is sound or not we do not consider, because it seems to be disposed of by § 2 of our statute, that the consideration of such promise, contract, or agreement need not be set forth or expressed in the writing signed by the party to be charged therewith. This section was inserted in the Rev. Sts. c. 74, § 2, for the purpose of adopting and confirming the judgment of this court in *Packard* v. *Richardson*, 17 Mass. 122, declining to follow *Wain* v. *Warlters*, 5 East, 10. That case concerned a promise to pay the debt of another, a subject on which there has been much controversy in this country, (Browne on St. Frauds, §§ 390 *et seq.*,) and went on the broad ground that it was not necessary to state the consideration. *Marcy* v. *Marcy*, 9 Allen, 8, 10. *Wetherbee* v. *Potter*, 99 Mass. 354, 362. The rule laid down in *Wain* v. *Warlters* was altered by statute in England, St. 19 & 20 Vict. c. 97, § 3, "because it was found, in practice, that it led to many unjust and merely technical defences to actions upon guarantees." 2 Smith Lead. Cas. (8th ed.) 262, 263, note to *Wain* v. *Warlters*. The second section of our statute goes further, and applies to all the contracts mentioned in § 1, no doubt for similar reasons among others. The defendant is sufficiently protected if all that he is to do is required to be in writing.

Of course it may be said that, in a bilateral contract like the present, the contemporaneous payment of the price is a condition of the promise, and therefore that the promise cannot be set forth truly unless the consideration is stated. But the language of the section is general, and should be read as no doubt it was meant. The only effect is that a promise set forth as absolute may be subject to an implied condition of performance on the other side. When such an implied condition exists it will be construed into the writing, and knowledge of the law gives notice of its possible existence. In some cases it has been held unnecessary to state the consideration, even when there is no provision like our § 2, although the consideration was execu-

tory. *Thornburg* v. *Masten,* 88 N. C. 293. *Miller* v. *Irvine,* 1 Dev. & Bat. 103. *Ellis* v. *Bray,* 79 Mo. 227. *Violett* v. *Patton,* 5 Cranch, 142. *Camp* v. *Moreman,* 84 Ky. 635. In *Howe* v. *Walker,* 4 Gray, 318, Thomas, J. plainly indicated the opinion that § 2 of the statute applies in all cases, pointing out that this does not mean that when the parties are reversed the oral agreement will be sufficient to sustain an action.

The only case at all opposed to our conclusion, so far as we know, is *Grace* v. *Denison,* 114 Mass. 16. That was a bill for specific performance ; not of the original agreement, but of the written document set forth, which document showed that a mortgage was to be given by the purchaser, but did not state what part of the purchase money was to remain secured in that way. Specific performance was refused, and in the judgment a brief reference was made to the Statute of Frauds, citing Browne on St. Frauds, §§ 376, 381 ; Fry on Spec. Perf. §§ 221, 222, and note 7. These sections state in general terms that the memorandum must contain the price, and do not apply in this State, so that the inference is that § 2 of our statute was overlooked by the court. It was not mentioned in the briefs of counsel, or in the judgment. The decision cannot overrule the statute, and is no authority for a distinction under it. So far as it went on the doctrines of specific performance only, as would seem from the reference to Fry on Spec. Perf. § 222, note 7, stating *Baker* v. *Glass,* 6 Munf. 212, and to *Boston & Maine Railroad* v. *Babcock,* 3 Cush. 228, 232, and from the fact that Mr. Justice Wells, who delivered the opinion of the court in *Grace* v. *Denison,* also wrote the decision in *Wetherbee* v. *Potter,* 99 Mass. 354, 362, it has no bearing on the case at bar.            *Exceptions overruled.*

FIELD, C. J. I do not assent to the opinion of the court. The agreement or receipt signed by the defendant purports to set out the price, and apparently contains all the terms of the contract. It is argued that one term of the contract was that " the tenant should be allowed to remain," but the exceptions recite that there was " conflicting evidence upon the point as to whether or not it was a part of the oral agreement that the tenant should be allowed to remain." The court, trying the case without a jury, has found for the plaintiff, and has refused to rule ac-

cording to three requests made by the defendant.* For aught that appears, the court may have found that it was not a part of the contract that the tenant should be allowed to remain. But if there was such an agreement, it was an agreement to be performed by the plaintiff after he received the conveyance, and seems to be collateral to the contract of purchase and sale, rather than a part of it. The real difficulty in the case is, that the writing is ambiguous in regard to the price, and one question in the case might have been whether oral evidence was competent to remove the ambiguity, but no such question appears to have been raised. The evidence of the usage of real estate brokers with respect to the amount of their commissions, if competent, had some tendency to show that the writing should be construed as both the plaintiff and the defendant testified the contract really was. The opinion of the court proceeds solely on the ground that under our statute of frauds the contract of sale, or a memorandum of the sale of land signed by the vendor, need not contain the price, or any of the other terms of the sale; that it is enough if the writing shows that the defendant has agreed to sell certain designated land to the plaintiff on some terms unexpressed, or if it contains an acknowledgment that such an agreement has been made. The reasons given for this opinion are, that by our statute, Pub. Sts. c. 78, § 2, "The consideration of such promise, contract, or agreement need not be set forth or expressed in the writing signed by the party to be charged therewith, but may be proved by any legal evidence." This provision was introduced in the Revised Statutes in consequence of the decision in *Packard* v. *Richardson,* 17 Mass. 122. Rev. Sts. c. 74, § 2. In the report of the commissioners appointed to make the revision, they say: "This section is new in terms, and is proposed for the purpose of adopting and confirming the judgment of the Supreme Judicial Court upon the construction of the statute now in force. 17 Mass. Rep. 122." The decision in

---

* The rulings requested were as follows: "1. Upon all the evidence in this case, the plaintiff is not entitled to maintain this action. 2. The memorandum relied upon in this case is not, upon all the evidence in this case, a sufficient memorandum to satisfy the requirements of the statute of frauds. 3. Upon the pleadings and all the evidence in the case, there is no sufficient memorandum to satisfy the requirements of the statute of frauds, and entitle the plaintiff to maintain this action."

*Packard* v. *Richardson* was upon a written promise on the back of a promissory note signed by the defendants, as follows: " We acknowledge ourselves holden as surety for the payment of the within note." In the opinion it is said: "The consideration existing was, that these defendants were members of the company which made the note; and that a suit, which had been commenced, was stopped by the plaintiff, at their request. But this consideration was proved by parol, and the writing acknowledges no consideration whatever." 17 Mass. 128. The court declined to follow the decision in *Wain* v. *Warlters*, 5 East, 10. See *Saunders* v. *Wakefield*, 4 B. & Ald. 595. All these cases arose upon contracts of guaranty or contracts to pay the debt of another, and the consideration of the promise was executed. When these cases were decided it was not questioned that the memorandum of a contract of sale must contain the terms of the contract, and that one term of every contract of sale is the price. Many of the United States have passed statutes on this subject similar to ours; viz. Illinois, Indiana, Kentucky, Maine, Michigan, Nebraska, New Jersey, Virginia, and West Virginia. See Wood on St. Frauds, § 105, Appendix, 892–922. As it may be suggested that decisions in England and in States where no similar statutes exist are not applicable, I shall confine my citations chiefly, if not wholly, to our own decisions, and to the decisions of the courts of those States whose statute on this subject is similar to ours. It is substantially conceded that *Grace* v. *Denison*, 114 Mass. 16, is directly opposed to the opinion of the court in the present case, but it is said that the second section of our statute of frauds was overlooked by the court. It was a bill in equity against a vendor, for the specific performance of an agreement to convey land. The case arose on a demurrer for the cause " that such contract as the plaintiff alleges to be in writing and signed by the defendant is not sufficient to enable a court of equity to decree specific performance thereof." The only ground on which the demurrer was sustained was, that the memorandum of the agreement was not sufficient to satisfy the statute of frauds. The court say: " The memorandum of agreement indicates that a part of the purchase money was agreed to be secured by mortgage of the premises to be conveyed. But it does not disclose nor furnish any means for the court to ascertain what part or amount is to remain upon mortgage, and what

paid in cash upon delivery of the deed. . . . The writing being incomplete in one of its essential terms, and the court having no means to which it can lawfully resort to supply the defect, specific performance must fail."

*Atwood* v. *Cobb*, 16 Pick. 227, was assumpsit by the vendee against the vendor on an agreement to convey land signed by both parties. The agreement was "in consideration of the same sum which I paid him [the vendee] for the same, with interest from the time I purchased the same till I paid for it (supposed about six months), with the expense of the deed, also the taxes for one year." One defence was the statute of frauds. On this the court say: "The principal uncertainty is as to the price to be paid. . . . As the amount paid for an estate is usu‹ ally determined by the consideration expressed in the deed of conveyance, or by some receipt or memorandum, it is impossible to pronounce this contract void under the. statute, because it does not express with sufficient certainty the price to be paid for the estate."

*Morton* v. *Dean*, 13 Met. 385, was an action of assumpsit by the vendor of land against the vendee ; the memorandum was signed by an auctioneer who was the agent of both parties ; and in the opinion in that case it was said : " But the memorandum of sale must refer to the conditions of sale, or the case will be within the statute. Where the connection between the memorandum and the conditions is to be proved entirely by parol evidence, it is within the mischief intended to be prevented by the statute. The terms of the agreement, which are material, must be stated in writing."

In *Waterman* v. *Meigs*, 4 Cush. 497, an action to recover the price of merchandise sold, the court say: " The statute [of frauds] requires ' some note or memorandum in writing of the bargain.' This letter alludes to plank bought, and to be delivered ; but it does not state any one of the elements of a contract, price, quantity, quality, time, place, or anything to inform us what the nature of the contract was, and is clearly not a sufficient memorandum."

*Coddington* v. *Goddard*, 16 Gray, 436, was an action of contract to recover damages for not delivering 200,000 pounds of copper, alleged to have been sold by the defendant to the plaintiff. The same doctrine was announced.

*Riley* v. *Farnsworth*, 116 Mass. 223, was an action of contract

by the vendee of land against the vendor. The memorandum was signed by auctioneers who were agents of both parties. It described the land and the price, and it acknowledged the receipt of a deposit, and contained an agreement that the vendor should fulfil the conditions of sale. These conditions were not in writing. The court say: " The memorandum in writing required by the statute of frauds must contain all the essential terms of the contract, so that the court can ascertain the rights of the parties from the writing itself without resorting to oral testimony."

*Ashcroft* v. *Butterworth*, 136 Mass. 511, was an action of contract for breach of a written agreement to sell goods. The court say: " In this case it does not appear that the price is made certain by any writing signed by the defendants. The present price is indeed 8½d. per pound; but the prices generally are to be the same as those paid by the Ashcroft Manufacturing Company, and it does not appear that those prices are contained in any writing signed· by the defendants, to which this offer of the defendants refers. The statute of frauds has been pleaded. We think the ruling cannot be supported." See also *Elliot* v. *Barrett*, 144 Mass. 256 ; *Fogg* v. *Price*, 145 Mass. 513.

In *Freeland* v. *Ritz*, 154 Mass. 257, the court say : " It is a well settled rule of law, that, while the memorandum must express the essential elements of the contract with reasonable certainty, these may be gathered either from the terms of the memorandum itself, or from some other paper or papers therein referred to." The agreement concerned an interest in land.

In *White* v. *Bigelow*, 154 Mass. 593, the court say: " To satisfy the statute [of frauds], the agreement or memorandum must, either by its own terms or by reference to some other writing, express with reasonable certainty all the conditions and essential elements of the bargain." The agreement was alleged to have been made upon consideration of marriage. See *Callanan* v. *Chapin*, 158 Mass. 113.

I do not know whether the majority of the court intend to make a distinction between contracts of sale described in the first section of Pub. Sts. c. 78, and contracts of sale described in the fifth section. While some of the cases cited above are suits against the vendee and some suits against the vendor, it seems to me that this court has always held, in both classes of cases, that, in a con-

tract to convey land or other property executory on both sides, the contract or memorandum, although it need be signed only by the party to be charged, must contain all the essential terms of the contract or bargain, and that the price agreed to be paid is an essential term. To say that the court in the decision of *Grace* v. *Denison* overlooked a well known provision of our statute of frauds concerning consideration is, I think, unwarranted.

Some of the decisions in other States whose statutes on this subject are similar to ours are cited below. *O'Donnell* v. *Leeman,* 43 Maine, 158. *Williams* v. *Robinson,* 73 Maine, 186. In the last case the court say : " But while, as before seen, the memorandum need not necessarily mention the consideration, that being proved by parol testimony, nevertheless, in order that the court may ascertain the rights of the parties from the writing itself, without resort to oral testimony (*Riley* v. *Farnsworth,* 116 Mass. 223, 225, 226), to satisfy the statute, the memorandum must contain within itself, or by some reference to other written evidence, the names of the vendor and vendee and all the essential terms and conditions of the contract, expressed with such reasonable certainty as may be understood from the memorandum and other written evidence referred to (if any), without any aid from parol testimony." *Gault* v. *Stormont,* 51 Mich. 636. *Norton* v. *Gale,* 95 Ill. 533. *Farwell* v. *Lowther,* 18 Ill. 252. *Nibert* v. *Baghurst,* 2 Dick. 201. *Schenck* v. *Spring Lake Beach Improvement Co.* 2 Dick. 44. See *Williams* v. *Morris,* 95 U. S. 444 ; Reed on St. Frauds, §§ 398 *et seq.* ; Browne on St. Frauds, §§ 376–385.

In *Camp* v. *Moreman,* 84 Ky. 635, an opinion is expressed which accords with the opinion of a majority of the court in the present case, although perhaps it was not necessary to the decision. See *Freeland* v. *Ritz,* 154 Mass. 257. *Thornburg* v. *Masten,* 88 N. C. 293, and *Miller* v. *Irvine,* 1 Dev. & Bat. 103, were decided under a statute of frauds copied from the English statute of 29 Car. II. c. 3, which contained no provision concerning consideration similar to ours. *Ellis* v. *Bray,* 79 Mo. 227, appears to have been decided on the ground that, " when a written memorandum of a contract does not purport to be a complete expression of the entire contract, or a part of it only is reduced to writing, the matter thus omitted may be supplied by parol evidence," — a doctrine to which I think this court is not committed.

When the whole contract or promise of the defendant is to do a certain thing, and this is an absolute promise, resting upon a consideration which has been executed, there is some reason in saying that the memorandum signed by the defendant need not contain the consideration or inducement of the contract or promise. But in a contract executory on both sides, where the promises are mutual, and each is the consideration of the other, the promises are conditional, and one party agrees to perform his part of the contract only on condition that the other will perform his part, and it cannot be known what the promise of the one is without knowing the express or implied promise of the other. A promise to convey land because the promisee has actually received $1,000 is not the same as a promise to convey land if the promisor will pay $1,000 on receiving the conveyance, and a promise to convey land for $1,000 to be paid on the delivery of the deed is not the same as a promise to convey land for $10,000 to be paid on the delivery of the deed. The conditions on which the vendor agrees to convey are often many and complicated, and involve the assumption of mortgages and the performance of other acts. If a mere acknowledgment in writing by the vendor that he has agreed to convey specific land to the vendee on terms which are not expressed is sufficient to satisfy the statute of frauds, then it is open to the vendee to prove by oral testimony the price to be paid, and all the other terms of the contract to be performed by him, and the statute will no longer prevent frauds and perjuries. If it is a condition of the promise of the vendor that it is not to be performed unless at the time of the performance the vendee pays money and gives or assumes mortgages, the condition qualifies the promise and is a part of it, and the writing should contain all that is essential to show what the promise or contract on the part of the vendor in fact was. The decision of the court seems to me in great part to nullify the statute. I have not considered whether the judgment of the court may not be sustained on some other ground than that stated in the opinion.

Mr. Justice Knowlton concurs in this opinion.

*J. J. Myers & G. D. Goff*, for the defendant.

*F. S. Nickerson & W. A. Gaston,* (*F. E. Snow* with them,) for the plaintiff.