HAGOP BOGIGIAN *vs.* BOOKLOVERS LIBRARY.
BOOKLOVERS LIBRARY *vs.* HAGOP BOGIGIAN.

Suffolk.    November 15, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Frauds, Statute of.    Words,* "Consideration."

In an action for the alleged breach of an oral contract to take from the plaintiff a lease of a certain store and to furnish a guarantor of the rent, if the defendant sets up the statute of frauds and it appears that the plaintiff refused to give a lease to the defendant because the defendant failed to furnish a guarantor of the rent, the plaintiff cannot satisfy the statute by producing a letter signed by the defendant containing all the terms of the alleged oral contract except the agreement to furnish a guarantor.

In *Hayes* v. *Jackson*, 159 Mass. 451, the majority of the court did not decide that in the provision, now contained in R. L. c. 74, § 2, that a memorandum of a contract under the statute of frauds need not set forth the consideration, the word "consideration" means price, and it is the unanimous opinion of the court that the doctrine of *Hayes* v. *Jackson* should not be extended.

TWO ACTIONS OF CONTRACT, ONE for the alleged breach of an oral agreement to take from the plaintiff a lease of a store

at the corner of Beacon Street and Park Street in Boston and to furnish a guaranty satisfactory to the plaintiff for the faithful performance of the terms and conditions of the lease. Writ in the Superior Court dated April 16, 1903.

THE OTHER by the defendant in the first named case to recover $500 paid for the first month's rent under a lease, on the ground that the negotiations between the parties had resulted in no lease or contract. Writ in the Municipal Court of the City of Boston dated February 17, 1902.

The last named case having been appealed to the Superior Court, the cases were tried together in that court before *Fox,* J. At the close of the evidence, the judge ordered a verdict for the defendant in the first named case, on the ground that there was not a sufficient memorandum in writing of the agreement declared on to satisfy the requirements of the statute of frauds. The plaintiff alleged exceptions.

In the last named case the judge submitted to the jury the question, "Did the parties come to any agreement as to the terms and conditions of the letting?" The jury answered "No." The jury returned a verdict for the plaintiff in the sum of $575; and the defendant alleged exceptions, which he afterwards waived before this court.

*F. H. Nash,* for Bogigian.

*G. W. Anderson,* for the Booklovers Library, was not called upon.

LORING, J. The first of these two cases is an action to recover damages for not taking a lease of a store owned by the plaintiff. The contract sued on was made by word of mouth. The defendant refused to furnish a guarantor of the rent to be paid, claiming that the oral agreement did not require it to do so. The plaintiff refused to give a lease without a guaranty of the rent and brought this action against the defendant for not taking a lease and furnishing a guaranty of the rent therein specified.

The defendant set up in defence the statute of frauds, R. L. c. 74, § 1, cl. 4. To meet this defence the plaintiff produced a letter signed by the defendant, in which all the terms of the oral contract insisted upon by the plaintiff were set forth except the furnishing of a guarantor.

The presiding judge ruled that this letter was not a memorandum or note of the oral contract sued on, and directed a verdict for the defendant.

The plaintiff, who refused to give the lease because the oral contract required a guarantor, still insists that this letter which does not state that a guarantor is required is a memorandum of the oral contract sued on.

The plaintiff's contention is (1) that "the consideration of such" "contract" which by force of R. L. c. 74, § 2, may be proved by any legal evidence, means, in case of a contract within R. L. c. 74, § 1, cl. 4, the price to be paid for land or the interest therein covered by a contract, and (2) that the conclusion here contended for is the logical result of the construction given to that act in *Hayes* v. *Jackson*, 159 Mass. 451, by a divided court.

If the "consideration" mentioned in R. L. c. 74, § 2, means in all cases the price of the land to be conveyed under a contract described in R. L. c. 74, § 1, cl. 4, the result is that a promise to pay for land is not within the statute of frauds at all. The plaintiff in no event has to sign a memorandum to satisfy the statute of frauds. The statute is satisfied if a memorandum is signed by "the party to be charged therewith," that is, by the defendant. If the price of land may in all cases be proved by parol, the statute of frauds does not apply at all to an action to recover the price of land.

No case has been cited by the plaintiff in which it is held that "consideration" in R. L. c. 74, § 2, means price. Not only has no case been cited where it is held that the fourth clause of the first section of our statute of frauds does not apply to an action for the price, but the contrary heretofore has been assumed to be the settled law. See for example *Morton* v. *Dean*, 13 Met. 385.

More than that, it seems reasonably plain that the majority of the court in *Hayes* v. *Jackson*, 159 Mass. 451, did not intend to decide that a promise to pay the price of land was not within the statute of frauds. Holmes, J. says, in *Hayes* v. *Jackson*, 159 Mass. 451, 453 : "In *Howe* v. *Walker*, 4 Gray, 318, Thomas, J. plainly indicated the opinion that § 2 of the statute applies in all cases, pointing out that this does not mean that when the parties are reversed the oral agreement will be sufficient to sus-

tain an action." And again, at p. 452, Holmes, J. said: " The defendant is sufficiently protected if all that he is to do is required to be in writing." These two statements at least imply that the " consideration," which by the statute may be proved by parol, is the consideration of the promise sued on, and that R. L. c. 74, § 1, cl. 4, applies as much when the vendee is sued " upon a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them " as when the vendor is sued on such a contract.

It would be an extension of the doctrine of *Hayes* v. *Jackson* to hold that " consideration " means price, and that R. L. c. 74, § 1, cl. 4, does not apply to an action against the vendee to recover the price or damages for breaking a contract to pay for an interest in land. It is the unanimous opinion of the court that the doctrine of *Hayes* v. *Jackson* should not be extended.

In the case at bar the letter relied on to satisfy the statute of frauds did not state all that this defendant was required to do. It was not a memorandum of the oral contract which the plaintiff alleged was made, and the ruling of the presiding judge was right.

Certain exceptions were taken during the trial to the exclusion and admission of evidence. The evidence in question does not affect the defence of the statute of frauds. Our conclusion that that defence is good renders those exceptions immaterial.

In the second case the exceptions were waived.

The entries must be

> *In the first case, exceptions overruled ; in the second case, exceptions waived.*