JOHN SANJEAN *vs.* EUGENE W. MILLER & another.

Middlesex. January 15, 16, 1924. — February 29, 1924.

Present: RUGG, C.J., DeCOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Frauds, Statute of.*

The following memorandum, signed in behalf of an owner of real estate, " Deposit by check. Sept. 14/23. Received from Mr. Sanjean $50.00 as deposit on houses No. 107–109–111–113–115–117 Windsor Road, Medford. Deposit subject to purchaser's approval," does not satisfy the statute of frauds, G. L. c. 259, § 1, cl. 4.

BILL IN EQUITY, filed in the Superior Court on October 15, 1923, for specific performance of an alleged agreement, evidenced by the memorandum described in the opinion, that the plaintiff should purchase and that the defendants, whose agent was Charles E. Howe Company, should· sell certain real estate.

The defendants demurred to the bill on the ground (1) that the plaintiff had not stated such a case as entitled him to any relief in equity against the defendants, and (2) that the memorandum annexed to the bill, which is described in the opinion, was not a sufficient memorandum as required by the statute of frauds, G. L. c. 259, § 1, cl. 4.

The demurrer was heard by *Hammond,* J., by whose order

there were entered an interlocutory decree sustaining the demurrer on the second ground and a final decree dismissing the bill. The plaintiff appealed.

*V. C. Lawrence,* (*D. W. Donahue & J. Sanjean* with him,) for the plaintiff.

*J. F. Gadsby,* for the defendants.

WAIT, J. The only question which arises on this appeal is whether the following memorandum satisfies the statute of frauds, G. L. c. 259, § 1, cl. 4:

" Deposit by check.                                    Sept. 14/23.

Received from Mr. Sanjean $50.00 as deposit on houses No. 107–109–111–113–115–117 Windsor Road, Medford. Deposit subject to purchaser's approval.

Chas. E. Howe Co.<br>W. E. Young."

On demurrer, we assume that the Charles E. Howe Company was agent for the defendant authorized to sell the land and buildings of the defendant on Windsor Road, Medford, and that an oral agreement for a sale was made as alleged with the plaintiff. Whether or not the plaintiff was the purchaser is not definitely alleged. Perhaps the fair inference from the memorandum is that he was not, since the deposit was made subject to the " purchaser's [*sic*] approval."

The memorandum does not show whether the transaction was for sale, for lease, or for what purpose. It does not show any of the terms of the transaction. It does not even show a completed transaction; for, if some other than Sanjean was the purchaser, then it is a fair inference that the entire proceeding was subject to a future assent by him.

Such a memorandum is inadequate. It fails to give any help in avoiding perjury. Everything except the locus dealt with and the receipt of $50 from Mr. Sanjean is left open to oral testimony.

A memorandum to satisfy the statute of frauds must contain the terms of the agreement of which it is the memorandum. *Bogigian* v. *Booklovers Library,* 193 Mass. 444.

The demurrer was sustained properly.

*Decree affirmed.*