Gillen, J.
dissenting. I do not assent to that part of the opinion of the court that deals with the term of the lease. A memorandum to satisfy the Statute of Frauds must con *136 tain the terms of the agreement of which it is the memorandum. Bogigian v. Booklover’s Library, 193 Mass. 444. Sanjean v. Miller, 248 Mass. 288. And while the identity of a parcel of real estate may be established by parol evidence if the reference to it in the written memorandum is ambiguous, Hurley v. Brown, 98 Mass. 545, Giles v. Swift, 170 Mass. 461, Desmarais v. Taft, 210 Mass. 560, Danforth v. Chandler, 237 Mass. 518, 522, and the consideration need not be set forth in the memorandum, G. L. Chap 259, Sec. 2, it is settled that the term of a lease must be definitely set forth and cannot be supplied by parol evidence, Grace v. Dennison, 114 Mass. 16, Gardner v. Hazelton, 121 Mass. 494-496, Parker v. Tainter, 123 Mass. 185-187, Browne: Statute of Frauds 4 Ed. Sec. 385, and it has been held there must be a definite agreement as to when the term of the tenancy shall begin. Enlow v. Irwin, 80 Cal. App. 98.
In the memorandum in the instant case, the beginning of the term is ambiguous and indefinite.
The omission to set forth the term of the lease is fatal and the memorandum is insufficient.