GIOVANNI FICHERA & another *vs.* CITY OF LAWRENCE & others.

Essex.    October 5, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Frauds, Statute of. Contract,* For sale of real estate. *Auction. Equity Jurisdiction,* Retention for assessment of damages.

An auctioneer's memorandum of sale of real estate containing a provision, not included in the terms upon which the property was offered for sale, that the sale should be subject to confirmation by the seller, was not a sufficient memorandum under G. L. (Ter. Ed.) c. 259, § 1, of any oral contract made by acceptance of the buyer's bid at the sale, and the statute was a defence to a suit by the buyer for specific performance.

An advertisement of an auction sale of real estate, providing for "other terms to be announced at time of sale," did not become a sufficient memorandum within G. L. (Ter. Ed.) c. 259, § 1, of the contract of sale with the successful bidder.

Where a purchaser at an auction sale of real estate was adjudged by this court to have been barred by the statute of frauds from securing specific performance in a suit in equity against the seller because of the failure of the auctioneer to give the plaintiff a sufficient memorandum, the suit was not ordered to be retained to determine the plaintiff's rights, if any, against the auctioneer, also a defendant, but was ordered dismissed without prejudice to any right of the plaintiff in an action at law against him.

BILL IN EQUITY, filed in the Superior Court on August 1, 1939.

The suit was heard and reported by *Forte,* J.

*W. C. Ford,* for the plaintiffs.

*J. P. Kane,* City Solicitor, for the defendants.

QUA, J. The plaintiffs, who through an agent were the highest bidders at an auction sale of real estate owned by the defendant city, brought this bill for specific performance and damages, joining as defendants one Griffin, the mayor of the city, and one Hayes, the auctioneer. The defendants set up the statute of frauds.

After the sale the defendant Hayes gave the plaintiffs' agent a memorandum of the sale signed by Hayes to which, however, he added a proviso or condition to the effect that conveyance of the property should be dependent upon acceptance of the deposit and confirmation of the sale by the city or its duly authorized representative. Neither the advertisement nor the terms announced at the sale had contained any such condition, nor does it appear that any such condition had been mentioned before the plaintiffs' bid had been accepted and the property struck off to their agent. The agent objected to the inclusion of the condition in the memorandum of sale and accepted the memorandum "under protest." The mayor "rejected the bid," and the city refused to accept the purchase money and to complete the sale.

When a party seeks to enforce an alleged oral contract that is within the statute of frauds (here G. L. [Ter. Ed.] c. 259, § 1, Fourth) he must not only prove the existence of the oral contract itself but he must go one step further and prove a memorandum in writing containing the terms of that same oral contract in so far as he seeks to enforce them. See *Kalker* v. *Bailen*, 290 Mass. 202, 205; *Beaver* v. *Raytheon Manuf. Co.* 299 Mass. 218, 219. This is an elementary proposition inherent in the nature and purpose of the statute and expressed in the words, "Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing. . . . " If we assume that the acceptance of the plaintiffs' bid at the sale immediately created an oral contract, needing only a memorandum to render it enforceable, the contract so created must of necessity be a contract of sale and purchase upon the terms upon which the property was offered at the sale, that is, without any condition requiring sub-

sequent ratification by the city. The memorandum, which contains the condition, obviously is not a memorandum of an unconditional contract. It is therefore not a memorandum of the contract proved to have been made. Indeed, the memorandum does not set forth any contract at all of a kind upon which the city could be held. It describes only something in the nature of an option to sell which the city could accept or reject. Since the plaintiffs cannot, without flouting the statute, show by parol evidence a contract upon terms better for them and worse for the city than the terms set forth in the memorandum, it is manifest that they have not met the requirements of the statute.

The plaintiffs' contention that regard may be had only to those terms of the memorandum that accord with the terms of the oral contract made at the sale, and that the condition added to the memorandum may be disregarded is wholly inadmissible. A memorandum cannot be mutilated by omitting a term that changes its whole effect. There is no sanction for such a proposition in *Hayes* v. *Jackson*, 159 Mass. 451, or in other cases cited by the plaintiffs construing G. L. (Ter. Ed.) c. 259, § 2, wherein it is provided that "The consideration of such promise, contract or agreement need not be set forth or expressed" in the memorandum. This merely means that the memorandum need not set forth both sides of the bargain. It does not do away with the necessity of a memorandum stating correctly the promise of "the party to be charged therewith." *Bogigian* v. *Booklovers Library*, 193 Mass. 444. *Forman* v. *Gadouas*, 247 Mass. 207, 212–214, and cases cited. See *Morton* v. *Dean*, 13 Met. 385; *Riley* v. *Farnsworth*, 116 Mass. 223; *Kelly* v. *Holbrook*, 191 Mass. 565. A fortiori it does not permit a plaintiff to recover upon the strength of a memorandum by the terms of which, if correct, there would be no liability. See *Sanjean* v. *Miller*, 248 Mass. 288. Cases like *George Lawley & Son Corp.* v. *Buff*, 230 Mass. 21, and *Schmoll Fils & Co. Inc.* v. *Wheeler*, 242 Mass. 464, 469–470, holding that a memorandum recognizing the correct terms of the contract is sufficient even though it includes a refusal to perform, have no bearing upon the present issue.

The published advertisement of the sale, purporting to be signed by the mayor, is not an adequate memorandum. It does not attempt to state the terms of any complete bargain. It provides for "other terms to be announced at time of sale." It does not identify any purchaser. *Sanborn* v. *Flagler*, 9 Allen, 474, 476. *North Packing & Provision Co.* v. *Lynch*, 196 Mass. 204, 205. It was not in itself a written offer which could be accepted as in *Howe* v. *Watson*, 179 Mass. 30, 39.

The plaintiffs suggest in their brief that they should recover damages against the defendant Hayes for loss of the purchase because of his failure to make as auctioneer a proper memorandum. Since the plaintiffs had no contract with Hayes, it would seem that any liability on his part must be in tort for breach of an obligation assumed when he undertook to conduct the sale. We intimate no opinion as to such liability. We are not certain that this aspect of the case was fully developed at the hearing in the Superior Court, and it has not been fully argued before us. Under the circumstances we prefer not to deal with this matter and to leave the plaintiffs to their remedy, if any, in an action at law. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46–49. *Blume* v. *William Shenkel & Sons Co.* 266 Mass. 15.

A final decree is to be entered dismissing the bill with a single bill of costs to the defendants and without prejudice to any right of the plaintiffs to bring an action at law for damages against the defendant Hayes.

*Ordered accordingly.*