## ONSLOW PETERS *versus* The Inhabitants of WESTBOROUGH.

A parol contract is not void by the statute of frauds, as an agreement not to be performed within a year from the making thereof, if the performance of it depends upon a contingency which *may* happen within the year, although in fact it do not happen until after the expiration of the year.

Thus, a parol contract to support a person for a certain number of years, is not within the statute ; for if he die within one year, having been supported under the contract until his death, the contract will have been fully performed.

ASSUMPSIT for expenses incurred &c. in the support of Catharine Ladds, from March 2d, 1835, until her death.

At the trial in the Common Pleas, before *Strong* J., it appeared, that the plaintiff was an inhabitant of Westborough ; that Catharine Ladds was the daughter of John Ladds, who resided in a neighbouring town ; that she came into the family of the plaintiff in March 1834, when she was eleven or twelve years of age, and remained there until her death, which took place on the 31st of May, 1835, after a sickness of four or

five months; that, on the 2d of March, 1835, the plaintiff gave notice of her illness to one of the overseers of the poor of Westborough, and requested that she might be supported by the town; but that no action was taken by them on the subject.

The counsel of the defendants then proposed to show by parol evidence, that a short time before Catharine went into the plaintiff's family, it was agreed between him and her father, that the plaintiff should take her into his family and employment, for one month, on trial, and if, at the end of the month, he was not satisfied with her, he might return her to her father, but that, otherwise, he should support her until she was eighteen years of age, and should not return her for any cause but bad conduct on her part; that, in pursuance of this agreement, she went into the family of the plaintiff, and that at the end of the month the plaintiff expressed himself to be satisfied with her, and never offered to return her to her father.

The plaintiff objected to the introduction of this evidence, on the ground that the contract, not being in writing, was void by the statute of frauds.

The judge ruled, that, as this contract was by parol, it was competent for the plaintiff to put an end to it at any time, and that, after the notice given to the overseer on the 2d of March, 1835, the plaintiff ceased to be liable for the support of the pauper; and the evidence was accordingly rejected.

The jury returned a verdict for the plaintiff. The defendants excepted to the ruling of the judge.

*Washburn*, for the defendants.

*Merrick*, for the plaintiff.

WILDE J. This case depends on the question, whether the plaintiff was not, by his contract, as it was offered to be proved by the defendants, bound to support the pauper, for the expenses of whose support the defendants are charged; and we are of opinion that he was so bound by his contract with the pauper's father. This was clearly a valid contract, unless, being by parol, it was void by the statute of frauds, as an agreement not to be performed within the space of one year from the making thereof. *St.* 1788, *c.* 16, § 1. But this clause of the statute extends only to such agreements as, by

*Oct. 5th.*

*Oct. 9th.*

31*

the express appointment of the parties, are not to be perform-
ed within a year. If an agreement be capable of being per-
formed within a year from the making thereof, it is not within
the statute, although it be not actually performed till after that
period. 1 Com. on Contr. 86. On this construction of the
statute it was decided, in an anonymous case in 1 Salk. 280, that
a parol promise to pay so much money upon the return of a
certain ship, was not within the statute, although the ship hap-
pened not to return within two years after the promise was
made ; for that, by possibility, the ship might have returned
within a year. So, in the case of *Peter* v. *Compton*, Skin.
353, it was decided that a promise to pay money to the plain-
tiff on the day of his marriage, was not within the statute,
though the marriage did not happen within a year. And it was
held by a majority of the judges, that where an agreement is to
be performed upon a contingency, and it does not appear in the
agreement, that it is to be performed after the year, there a
note in writing is not necessary ; for the contingency might
happen within the year.

This construction of the statute is fully confirmed by the
case of *Fenton* v. *Emblers*, 3 Burr. 1278. In that case the
defendant's testator had promised the plaintiff, that if she would
become his house-keeper, he would pay her wages after the
rate of £ 6 *per annum*, and give her, by his last will and testa-
ment, a legacy or annuity of £ 16 by the year, to be paid yearly
The plaintiff, on this agreement, entered into the testator's ser-
vice, and became his house-keeper, and continued so for more
than three years. And the contract, though by parol, was
held to be valid and not within the statute. Mr. Justice *Denni-
son* declaring his opinion to be, (in which opinion the other
judges coincided,) that the statute of frauds plainly means an
agreement not to be performed within the space of a year, and
expressly and specifically so agreed, that a contingency was
not within it, nor any case that depended on a contingency,
and that it did not extend to cases where the thing might be
performed within the year.

But if it appears clearly, that an agreement is not to be per-
formed within a year, and that such is the understanding of the
parties, it is within the statute of frauds, although it might be

partly performed within that period. Such was the decision in *Boydell* v. *Drummond*, 11 East, 142. But the performance of the agreement in that case did not depend on the life of either party, or any other contingency. The defendant had agreed to take and pay for a series of large prints from some of the scenes in Shakspeare's plays. The whole were to be published in numbers ; and one number, at least, was to be published annually after the delivery of the first. The whole scope of the undertaking shows, as Lord *Ellenborough* remarks, that it was not to be performed within a year ; and if, contrary to all physical probability, it could have been performed within that time, yet the whole work could not 'ave been obtruded upon the subscribers at once, so as to have entitled the publishers to demand payment of the whole subscription from them within the year.

From these authorities it appears to be settled, that in order to bring a parol agreement within the clause of the statute in question, it must either have been expressly stipulated by the parties, or it must appear to have been so understood by them, that the agreement was not to be performed within a year. And this stipulation or understanding is to be absolute and certain, and not to depend on any contingency. And this we think is the clear meaning of the statute.

In the present case, the performance of the plaintiff's agreement with the child's father, depended on the contingency of her life. If she had continued in the plaintiff's service, and he had supported her, and she had died within a year after the making of the agreement, it would have been fully performed. And an agreement by parol is not within the statute, when by the happening of any contingency it might be performed within a year.

*Judgment of the Court of Common Pleas reversed, and a new trial granted.**

---

* This case came again before the Court. 20 Pick. 506.