GEORGE SIMES *vs.* FANNIE A. ROCKWELL.

Suffolk.    March 18, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Husband and Wife — Agency — Ratification.*

When a husband acts for his wife in the management or disposition of her property, and when his action naturally tends to accomplish her known wishes in regard to it, it needs but little evidence to warrant an inference that the action was authorized by her.

On the issue whether the defendant authorized her husband to employ the plaintiff to sell or exchange her farm, or ratified his act of employing the plaintiff in her behalf, it appeared that the defendant's husband assumed to act for her, and she availed herself of what he did, so far at least as to go with him and examine the property proposed to be given in exchange, after he had conducted the preliminary negotiations and had examined it himself. The plaintiff testified that the husband professed to have a right to employ a broker to dispose of the farm, and that he called it his own. The defendant's husband testified that his negotiation did not look to the employment of a broker. Facts appeared at the trial which would justify the court and jury in believing that the defendant, conniving with her husband, deliberately attempted to suppress important evidence. *Held*, that the above facts were sufficient to warrant an inference that the defendant's husband was originally authorized to make the arrangement which he made with the plaintiff, or that the defendant was informed of it and ratified it.

The suppression of important evidence is always a fact to be weighed against the party suppressing it.

KNOWLTON, J.    The only question in this case is whether there was evidence that the defendant authorized her husband

to employ a real estate broker to sell or exchange her farm, or ratified his act of employing a broker in her behalf.

It was proved by the testimony of the defendant and her husband, which was introduced without objection, that she had a farm which she wished to sell or exchange; that her husband, having seen the plaintiff's advertisement, went to his office and talked with him about the business, and left his address; that afterwards the plaintiff sent her husband a letter asking him to call; that her husband went to the plaintiff's office, and was introduced to one Tuttle, who had an estate in Roxbury which he wished to exchange; that Tuttle took him out and showed him the estate; and that the defendant afterwards went with him and looked at the property, and decided not to make the exchange. It was proved in the same way that about a month later she accepted another offer made by Tuttle, in behalf of his nephew, to take her farm and pay for it in stock, and that a sale was in this way effected.

The defendant's husband assumed to act for her in attempting to make a sale or exchange of her farm, and she availed herself of what he did, so far at least as to go with him and examine the property proposed to be given in exchange, after he had conducted the preliminary negotiations and had examined it himself. She seems to have taken up the negotiations at the point to which he had brought them. When a husband acts for his wife in the management or disposition of her farm, and when his action naturally tends to accomplish her known wishes in regard to it, it needs but little evidence to warrant an inference that the action was authorized by her. *Arnold* v. *Spurr*, 130 Mass. 347. *Wheaton* v. *Trimble*, 145 Mass. 345. In the present case, in view of the circumstances above stated and of their relations, it is fairly to be inferred that he disclosed to her what he had done; and her conduct in going with him to Roxbury to look at the estate, with a view of completing what he had begun if the property should seem to her sufficiently desirable, is evidence that he either had original authority to represent her in the business, or that she ratified his action in her behalf as she understood it. What his action was at the plaintiff's office was in dispute at the trial. The plaintiff testified that he professed to have a right to employ a broker to dispose of the farm, and

that he called it his own. The defendant's husband testified that his negotiation did not look to the employment of a broker. In view of circumstances which would very nearly, if not quite, warrant an inference that the defendant knew what he had done, and originally authorized it or afterwards ratified it, their conduct at the trial becomes important. They were probably the only persons who knew exactly what the husband's authority was. Their testimony, if correctly given and believed, would establish the truth. Facts appeared at the trial which justified the court and jury in believing that the defendant, conniving with her husband, deliberately attempted to suppress this evidence. It was not merely an absence from the trial, or a failure to call witnesses, which could not prejudice a defendant unless a case was first made out requiring an answer, but it was an attempt to deprive the plaintiff of the testimony of the witnesses who knew the fact in dispute. It indicated a belief on the part of the defendant that the testimony, if given truly, would be valuable to the plaintiff and damaging to herself. The suppression of important evidence is always a fact to be weighed against the party suppressing it: *Contra spoliatorem omnia præsumuntur. Egan* v. *Bowker*, 5 Allen, 449.

We are of opinion that this fact, taken in connection with the other facts and circumstances of the case, was sufficient to warrant an inference that the defendant's husband was originally authorized to make the arrangement which he made with the plaintiff, or that the defendant was informed of it and ratified it. Their denial, and the contradiction of the plaintiff by the defendant's husband, do not destroy the effect of their attempt to deprive the plaintiff of testimony which would bear directly on the point in dispute. The jury might well have disbelieved this part of the defendant's evidence, especially in view of the circumstances under which the testimony was given. In many of its features the case is like *Gannon* v. *Ruffin*, 151 Mass. 204.

*Exceptions overruled.*

*E. L. Buffinton*, for the defendant.*
*I. D. Van Duzee*, for the plaintiff.

---

* The case was tried in the Superior Court by different counsel for the defendant.