GEORGE W. DAW *vs.* GEORGE H. LALLY & another.

Nantucket. October 28, 1912. — February 25, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Exceptions. *Way,* Private. *Easement,* By prescription. *Evidence,* Declarations of deceased persons. *Agency. Husband and Wife.*

A motion in this court to dismiss a bill of exceptions filed in the Superior Court, on the ground that the exceptions were allowed on August 15 and were not entered in this court until the following October, cannot be allowed when the circumstances attending the entry are not before the court.

In an action for the obstruction of a right of way alleged to have been acquired by prescription, where the defendant contends that the use of the way by the plaintiff's predecessor in title was permissive and not adverse, the defendant after the death of his predecessor in title may introduce evidence of a declaration by his predecessor in title that he had given to the husband of the plaintiff's predecessor in title permission to put a gate in the fence between the two properties giving access to the strip of land over which the right of way is claimed, if there also is evidence that after the time when such permission was given the husband had a gate made in the fence which was used by him and his wife and other members of the family, and that the husband in this and other matters relating to the property acted as the agent of his wife with her knowledge.

MORTON, J. This is an action of tort for the obstruction of an alleged prescriptive right of way claimed by the plaintiff as appurtenant to premises belonging to him in Nantucket. The plaintiff acquired title to the premises in November, 1902, from one Henry Mitchell. Mitchell's wife, Mary Chilton Mitchell, purchased them in 1883 and devised them in fee to her husband by her will which was duly probated in March, 1902. The strip over which the right of way is claimed as appurtenant to the plaintiff's premises was part of a tract of land formerly known as the Raymond and Ellis land, which adjoins the plaintiff's lot on the west. The owners of this land, before 1883, surveyed and divided it into house lots and arranged for passageways and delineated the lots and ways on a plan duly recorded. One of the ways was marked on the plan "Grant Avenue" and extended from a public way, a distance of one hundred feet, to the line of the premises formerly of Mitchell, now of the plaintiff, where it terminated. The lots on the north side of this way belong to the defendant Lally and those on the south side to the defendant Brock, who acquired them from her father, George H. Brock. The right of way claimed by the plaintiff was over this strip called Grant Avenue. "There was evidence tending to show that the ownership of Lally and Brock extended to the centre of said Grant Avenue, so-called, and that they closed said way to use as a pass [age] way on or about November 4, 1908." This was the obstruction complained of. "The plaintiff offered evidence tending to show use of said way by the plaintiff's predecessors in title for more than twenty years prior to the bringing of this action, as a means of access to and egress from said land now belonging to the plaintiff." The case was heard by a

judge * without a jury, and the judge found "that the use by Mary Chilton Mitchell and Henry Mitchell of the land over which the plaintiff now claims a right of way was not adverse."

In the course of the trial the defendant Brock was permitted subject to the plaintiff's exception to testify to a conversation which her father told her he had with Mr. Mitchell,† which tended to show that the use of the way in connection with the premises now belonging to the plaintiff began in 1892 and was permissive in its origin and not adverse. At the time of the trial the defendant Brock's father and Mitchell were both dead. The exception to the admission of this evidence is the only exception before us.

The defendant's brief begins with a motion that the exceptions be dismissed for the reason that, though allowed August 15, 1911, they were not entered in this court till October. But the circumstances attending the entry in this court are not before us and the motion cannot therefore be allowed.

It is manifest that if the premises had belonged to Mitchell instead of to his wife, the conversation testified to by the defendant Brock would have been admissible. *Hall* v. *Reinherz*, 192 Mass. 52. It is objected that there is nothing to show that Mitchell was acting as his wife's agent. But there was evidence tending to show that after the conversation Mitchell had a large gate opening into Grant Avenue built in the fence which separated his wife's land from Grant Avenue, and that the gate was used by himself and his wife and other members of the family. And from these and other circumstances ‡ testified to it was competent for the presiding judge to find that Mitchell acted as agent of his wife and that she was chargeable with knowledge of the fact, if it was a

---

* *Jenney*, J.

† This testimony was as follows: "My father came home from the cliff one day and said to my mother and myself, 'I have done something to-day for which I am very sorry for. Professor Mitchell came in and asked me to let him put a gate in the fence between his property and mine. I hesitated, but he urged the matter and rather than be disobliging to a neighbor I finally assented, and I am very sorry, and I am afraid it will cause trouble in the future.'"

‡ It further appeared "that during the life-time of his said wife, Mitchell occupied the premises with his wife and family and exercised the control and

fact, that the way was used by permission. See *Dyer* v. *Swift,* 154 Mass. 159; *Simes* v. *Rockwell,* 156 Mass. 372. It cannot be said therefore that the evidence was wrongly admitted.

*Exceptions overruled.*

*C. J. Goldman,* (*C. N. Barney* with him,) for the plaintiff.
*H. B. Worth,* for the defendants, was not called upon.

management of the household usually exercised by the husband, and that he directed certain improvements on the premises, such as the moving of the cottage back from the roadside, and generally did those things about the house and lot usually done by the husband of an owner."