OLGA PEARLSTEIN & another *vs.* ROSE NOVITCH & another.

Suffolk.    January 13, 1921 — June 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Contract,* What constitutes, In writing, Construction. *Evidence,* Extrinsic affecting writings, Competency. *Frauds, Statute of. Equity Jurisdiction,* Specific performance of contract.

An instrument in writing signed by four persons read as follows: "Received of Sadie Pearlstein Fifty ($50.00) dollars as deposit on premises No. 40 and 42 on Dehon St., Revere, Mass. Purchase price to be $12,500. Papers to be passed on or before May 27, 1919.

Olga Pearlstein                     [Signed]      Sadie Pearlstein
Jacob Novitch                                     Rose Novitch."

The two Pearlsteins brought a bill in equity against the two Novitches for specific performance. *Held,* that

(1) Parol evidence was admissible to show that the plaintiffs were the purchasers and the defendants were the vendors and that none of them signed as a witness;

(2) As a matter of law the instrument was a complete contract between the plaintiffs and the defendants and superseded all verbal negotiations which preceded it;

(3) The agreement was sufficient to satisfy the statute of frauds;

(4) The recital in the contract that the purchase price was to be $12,500 was to be construed as an agreement to pay that amount in cash;

(5) Evidence, offered by the plaintiffs, tending to show an oral agreement, preceding the contract above described, that payment of the $12,500 was to be made partly in cash and partly by the assumption of an existing mortgage on the

property and by a note secured by a mortgage upon the premises, was inadmissible because it tended to vary the contract in writing;

(6) Such evidence was not made admissible by G. L. c. 259, § 2.

In the suit above described, it not appearing that the plaintiffs had tendered to the defendants $12,500 in cash, a decree entered in the Superior Court for a conveyance and for payment according to the terms of the oral agreement was reversed upon an appeal by the defendants, and the bill was dismissed.

BILL IN EQUITY, filed in the Superior Court on June 27, 1919, by Olga Pearlstein and Sadie Pearlstein against Rose Novitch and Jacob Novitch, and afterwards amended by the filing of a substitute bill, for specific performance of an agreement to convey real estate in Revere.

The suit was heard by *Lawton,* J. The evidence, which was reported by a commissioner appointed under Equity Rule 35, and material portions of the pleadings and the findings of the judge are described in the opinion. By order of the judge a decree was entered for the plaintiffs; and the defendants appealed.

The case was argued at the bar in January, 1921, before *Rugg,* C. J., *De Courcy, Crosby, Pierce, & Jenney,* JJ., and afterwards was submitted on briefs to all the Justices.

*W. Hartstone,* for the defendants.

*S. Markell,* for the plaintiffs.

CROSBY, J. This is a bill in equity for specific performance of a contract made by a husband and wife to convey her separate property. The alleged agreement is contained in a written instrument as follows:

"Revere, Mass., May 10, 1919.

Received of Sadie Pearlstein Fifty ($50.00) dollars as deposit on premises No. 40 and 42 on Dehon St., Revere, Mass. Purchase price to be $12,500. Papers to be passed on or before May 27, 1919.

Olga Pearlstein                    [Signed]      Sadie Pearlstein
Jacob Novitch                                    Rose Novitch."

The case was heard by a judge of the Superior Court who found that the agreement "sufficiently identifies the property to be conveyed and sets forth the consideration but the manner in which the consideration was to be paid was orally agreed upon at the time when the agreement was signed and is correctly set forth in paragraph 3 of the substitute bill filed Feburary 10, 1920. A postponement of the time within which the papers were to be passed was

made at the request of the defendants. The plaintiffs have been at all times ready and able and willing to perform their part of the agreement." The judge ordered that a decree be entered requiring the defendants to convey the property to the plaintiffs within thirty days from the date of the decree on delivery or tender to them by the plaintiffs of a properly executed note and mortgage as agreed upon, and the sum of $1,450 in cash less the costs of suit.

The third paragraph of the substitute bill alleges that for the conveyance of the real estate to them the plaintiffs were to pay $12,500; that $50 was paid on May 10, 1919, the date of the agreement; that $1,450 was to be paid in cash on the delivery of the deed ; that the plaintiffs were to assume an existing mortgage on the property for $6,600, and the balance of $4,400 was to be paid by the note of the plaintiffs bearing interest at six per cent, and payable in instalments of $50 every three months, the full amount to be paid in four years from date and to be secured by a power of sale mortgage in the usual form upon the premises. There is no dispute between the parties respecting the terms of the oral agreement above set forth.

If the agreement is ambiguous in that it does not appear with certainty who are the purchasers and vendors, yet it is signed by both plaintiffs and by both defendants and there was parol evidence amply sufficient to warrant a finding that Sadie and Olga Pearlstein were the purchasers and that Rose and Jacob Novitch were the vendors, and that none of them signed as a witness; in these circumstances the evidence was admissible to explain and make certain the writing and did not vary nor modify its terms. *Williams* v. *Bacon*, 2 Gray, 387. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427. *Tobin* v. *Larkin*, 183 Mass. 389, 391. *Hebb* v. *Welsh*, 185 Mass. 335, 336. *Buffington* v. *McNally*, 192 Mass. 198, 202. There is nothing in the decision in *Lewis* v. *Wood*, 153 Mass. 321, cited by the defendants, at variance with the conclusion here reached. As matter of law the contract is complete between the plaintiffs and the defendants, — it contains the names and signatures of the parties, a sufficient description of the property, the price, and the time when it is to be performed; it was sufficient to satisfy the statute of frauds. It is a bilateral contract in writing, enforceable by either party against the other at law for damages

for breach, or in equity for specific performance. It supersedes all verbal negotiations which preceded it. *Atwood* v. *Cobb,* 16 Pick. 227. *Hebb* v. *Welsh, supra. Buffington* v. *McNally, supra. Nickerson* v. *Weld,* 204 Mass. 346. *Nickerson* v. *Bridges,* 216 Mass. 416, 420. The plaintiffs are the purchasers and the defendants are the vendors; and the record shows that it was so understood from the beginning. It is immaterial that the memorandum presupposes an oral contract entered into by the parties; the memorandum itself constitutes the final and completed contract, and it is the only enforceable agreement. See *Marsh* v. *Hyde,* 3 Gray, 331, 332, 333.

The defendants excepted to the introduction of oral evidence of the agreement respecting the terms under which the purchase price of $12,500 was to be paid, on the ground that it tended to vary the written instrument. It is well settled that in the absence of fraud or mistake, all oral negotiations are merged in the written agreement, which must be held to include the entire contract between the parties; although if some of the words used are ambiguous and uncertain as to their meaning, parol evidence is admissible for the purpose of explaining the sense in which they were intended; so, also, such evidence is admissible to determine the subject matter with which the contract deals, and to ascertain what was in the minds of the parties, thereby correctly construing the language of the instrument. *Hurley* v. *Brown,* 98 Mass. 545. *Jennings* v. *Puffer,* 203 Mass. 534. *Nickerson* v. *Weld, supra. Willett* v. *Smith,* 214 Mass. 494.

In the case at bar no fraud or mistake as an inducement to make the contract is alleged, nor is there any evidence of either; nor is there ambiguity with reference to the language used respecting the price to be paid. It is the contention of the plaintiffs, however, that the evidence was admissible under R. L. c. 74, § 2 (now G. L. c. 259, § 2), for the reason that the consideration for such a promise, contract or agreement need not be set forth or expressed in the writing signed by the party to be charged therewith, but may be proved by any legal evidence. A majority of the court are unable to agree with that contention. The contract in question expressly recites that the purchase price is $12,500. That recital is to be construed as an agreement to pay the amount in cash. *Ryan* v. *Hall,* 13 Met. 520. *Dixon* v. *Williamson,* 173 Mass. 50, 52. It

follows that the oral evidence admitted against the exception of the defendants relating to the terms under which the purchase price was to be paid was incompetent and should have been excluded; it tended to prove a contract at variance with that described in the written instrument. *Howe* v. *Walker,* 4 Gray, 318. In the case last cited it was said at page 319: "Nor can you, under the guise of proving by parol the consideration of a written contract, add to or take from the other provisions of the written instrument." *Munde* v. *Lambie,* 122 Mass. 336, 338. The cases of *Hayes* v. *Jackson,* 159 Mass. 451, *Bogigian* v. *Booklovers Library,* 193 Mass. 444, and other decisions which interpret R. L. c. 74, § 2 (now G. L. c. 259, § 2), are not applicable to the facts in the case at bar. As the instrument properly construed was a completed mutual agreement, and not merely an option or a memorandum of the terms of an oral contract, the evidence should have been excluded.

To entitle the plaintiffs to a conveyance of the premises they were required to pay or tender to the defendants $12,500, — the purchase price in cash. Having failed to do so, a majority of the court are of opinion that the decree must be reversed and the bill dismissed, with costs.

*So ordered.*