ROMEO C. LEBLANC & another *vs.* WILLIAM L. MOLLOY
& another.

Worcester.  March 5, 1957. — April 2, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, &
WHITTEMORE, JJ.

*Equity Jurisdiction*, Specific performance.  *Contract*, For sale of real es-
tate, Performance and breach.  *Tender*.  *Agency*, What constitutes.

Absence of a formal tender of performance by the buyer under a contract
for sale and purchase of real estate did not bar his obtaining a decree
in equity for specific performance where it appeared that no place for
passing papers was fixed in the contract, that shortly before the last
day specified therefor in the contract the seller was notified that papers
would be passed at a certain place on that day, that he, without ob-
jecting to that place, stated that he would not be present there to pass
papers unless the buyer would agree to extend the time designated in
the contract for his vacating the premises, that he was not present at
such place on the day for passing papers, and that the buyer was
ready, willing, and able to perform and had so notified him.  [638]
Evidence justified a conclusion that a husband acted as agent for his
wife, and she was bound by his knowledge, in connection with per-
formance of a contract made by them for sale of real estate owned by
them as tenants by the entirety.  [638–639]

BILL IN EQUITY, filed in the Superior Court on July 6, 1955.
The suit was heard by *O'Brien*, J.
*Isadore A. Solomon*, for the defendants.
*Albert E. Valliere*, for the plaintiffs.

COUNIHAN, J.  This is a bill in equity in which the plain-
tiffs, who are husband and wife, seek specific performance of
a contract whereby they agreed to buy and the defendants,
who are husband and wife, agreed to sell certain real estate
in Leominster owned by the defendants as tenants by the
entirety.  The suit comes here upon an appeal by the de-
fendants from a final decree ordering the defendants to
convey said real estate to the plaintiffs.  There was no
error.

The judge made a report of material facts and designated portions of the transcript of testimony as part of the record on appeal. Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693. Since such designated testimony is before us, it is our duty to examine it and decide the issues according to our judgment as to the facts and the law, giving due weight to the findings of the judge which will not be reversed unless plainly wrong. *White Tower Management Corp.* v. *Taglino,* 302 Mass. 453, 454.

The findings and such designated testimony disclose that the parties entered into a purchase and sale agreement in writing on March 22, 1955. By its terms the property was to be conveyed on or before July 1, 1955. The plaintiffs paid the defendants a substantial deposit when the agreement was executed. Full possession of the premises was to be delivered to the plaintiffs on August 1, 1955. No place for the performance of the agreement was fixed in the agreement.

Late in June, 1955, the male defendant was notified by one Legros, the real estate broker in the transaction, that the conveyance would take place at the office of Mr. Baker, an attorney for the Worcester North Savings Institution, in the bank building in Fitchburg. This institution held an existing mortgage on the property which was to be discharged and it was to take a new mortgage from the plaintiffs. It is fair to infer from the evidence that the defendants, speaking through the male defendant, notified Legros that they would not be present at the time and place fixed for passing papers unless the plaintiffs agreed to extend the time for vacating the premises beyond August 1, 1955. The female defendant refused to accept a registered letter from Legros, addressed to her husband, notifying him of the time and place of the conveyance.

When the defendants failed to appear at the time and place fixed, Legros telephoned the female defendant and was told by her to call her husband. When Legros did so he was told by him that the defendants would not appear

to complete the transaction unless the plaintiffs would grant an extension of the time to vacate. Later after July 1, 1955, the defendants returned a check for the deposit to the plaintiffs which they refused to accept.

The defendants argue that the plaintiffs had no right to designate the place for the performance of the agreement and that the defendants' failure to appear there did not constitute a repudiation of the contract. We do not agree. It is fair to infer from the evidence that the defendants were notified a day or two before June 30, 1955, that the passing of the papers would be at Mr. Baker's office on July 1, 1955. The plaintiffs were never notified that this place was unsatisfactory. The only reason given by the defendants for failing to appear was the refusal of the plaintiffs to extend the time for vacating the premises which the plaintiffs were not required to do under the terms of the contract. Even if the defendants were not seeking an excuse to escape from their bargain they show no default on the part of the plaintiffs. See *Beck* v. *Doore*, 319 Mass. 707.

The defendants further argue that the plaintiffs were required to make a tender of performance and that their failure to do so deprived them of the right to specific performance. There is no merit to this contention. There was evidence that the plaintiffs were ready, able, and willing to perform and had so informed the defendants, and therefore they were not required to make an actual tender of the purchase price. *Marlowe* v. *O'Brien*, 321 Mass. 384, 386. Because of this there was no error in the exclusion of the question whether a tender had ever been made.

The defendants' final objection is that certain findings made by the judge are not supported by the evidence. In large part the objections involve the question whether the wife should be charged with knowledge of information which her husband had.

In our opinion, the evidence and reasonable inferences to be drawn therefrom support the ultimate conclusion of the judge to the effect that, in view of the circumstances of the parties and their relationship, each knew what the other was

doing. *Simes* v. *Rockwell,* 156 Mass. 372, 373. The judge could reasonably find that throughout this transaction the husband acted as an agent of his wife. Both had bound themselves by contract to convey the property on July 1, 1955. There was a duty on each to impart to the other any information concerning the contract. See *Daw* v. *Lally,* 213 Mass. 578, 580–581; *Ratshesky* v. *Piscopo,* 239 Mass. 180, 184. See *Blanchard* v. *Porter,* 317 Mass. 44, 47–48.

*Decree affirmed with costs of
appeal to the plaintiffs.*