BEN G. GILBERT, conservator, *vs.* IZETTA CRANE & another.[1]  February 29, 1968.  The residuary legatees under the will of Frances M. Goldman appeal from decrees allowing, with insignificant modifications, the first account and the second and final account of the conservator covering, in total, the period from June 12, 1963, to May 20, 1965.  The only issue is the reasonableness of the charges made by the conservator for services and expenses. The judge made elaborate findings setting out the details and found that the expenses incurred were necessary and reasonable and that charges for services were fair and reasonable.  We have examined the reported evidence with exhibits and are unable to say that the judge was plainly wrong.  Costs, expenses and counsel fees are left to the discretion of the Probate Court.

*Decrees affirmed.*

*Melvin J. Levine (Philip B. Dowst* with him) for Izetta Crane & another.
*Gary T. Gilbert* for Ben G. Gilbert, conservator.

SALVATORE J. PINO *vs.* ARNOLD YENOF & another.  February 29, 1968. Arnold Yenof and his brother Richard owned premises on Cross Street, Somerville (the locus).  Arnold negotiated with Pino for the sale of the locus to him.  On March 3, 1966, a memorandum, signed by Pino and by both Yenofs acknowledged a deposit of $4,000, referred to the locus, mentioned a total price of $10,000, and stated that the $6,000 balance would be "due upon completion and signing of passing papers."  The $4,000 was deposited in the Yenofs' business account.  Pino, with the Yenofs' knowledge, made extensive improvements of the locus.  When a prospective mortgagee's attorney discovered two minor title defects, an attorney was engaged to clear the title for the Yenofs by Land Court proceedings.  At some time the Yenofs decided to separate their businesses.  Richard, who planned to retain a business conducted at the locus, told Pino the deal was off because it was going to cost too much to clear the title.  Pino's attorney represented, at the trial of this bill by Pino for specific performance, that " . . . [his] client would desire to take the property . . . irrespective of . . . [the] two minor matters." Arnold Yenof is prepared to join in a conveyance.  Upon the conflicting reported evidence, largely oral, the trial judge was justified in ordering specific performance.  He could reasonably conclude that the Statute of Frauds (G. L. c. 259, § 1, Fourth) had been satisfied, that the brief memorandum itself was sufficient (see *Cousbelis* v. *Alexander*, 315 Mass. 729, 730–732; *Hook Brown Co.* v. *Farnsworth Press, Inc.* 348 Mass. 306, 310; see also *Tzitzon Realty Co. Inc.* v. *Mustonen*, 352 Mass. 648), that no further written purchase agreement was contemplated, that the large deposit and substantial work done by Pino in reliance on the memorandum prevented the Yenofs from relying on the statute (see *Fisher* v. *MacDonald*, 332 Mass. 727, 729; *Gordon* v. *Anderson*, 348 Mass. 787), and that Pino was able and willing to complete performance.

*Final decree affirmed with costs
of appeal to be paid by Richard Yenof.*

The case was submitted on a brief.
*Saul Andelman* for the defendants.