## A. B. C. Auto Parts, Inc. *vs.* Edward Moran, trustee.

Middlesex. March 2, 1971. — April 16, 1971.

Present: Tauro, C.J., Spalding, Spiegel, Reardon, & Braucher, JJ.

*Frauds, Statute of. Contract,* For sale of real estate, What constitutes. *Equity Jurisdiction,* Specific performance. *Evidence,* Admitted without objection.

A memorandum of an oral contract to sell real estate sufficient to satisfy the statute of frauds, G. L. c. 259, § 1, Fourth, was set forth in the deposit check of the prospective purchaser payable to the prospective seller on the back of which the purchaser wrote at the seller's request "Deposit on property at . . . [a specified location]. Total price of 40 thousand dollars," and which the seller endorsed and deposited; and, in the absence of specification in the contract otherwise, the passing of final papers and the payment of the balance due in cash within a reasonable time were applied by law. [329]

In a suit in equity for specific performance of an oral contract whereby the defendant agreed to sell to the plaintiff corporation certain real estate for the total price specified on the back of the plaintiff's deposit check, a correct ruling by the judge that the check satisfied the statute of frauds, G. L. c. 259, § 1, Fourth, precluded him from further ruling that no contract had existed between the parties by reason of mutual misunderstanding as to financial arrangements, although evidence thereof was not objected to or made the subject of a motion to strike [330–331]; and, where it appeared that the contract did not specify any time for the payment of the balance of such price but there was evidence that the plaintiff was ready, willing and able to perform, absence of a tender by it before commencing suit about seven weeks after the contract was made did not bar the plaintiff from obtaining a decree ordering a conveyance by the defendant at such price. [331]

Bill in equity filed in the Superior Court on January 27, 1969.

The suit was heard by *Bennett, J.*

*Herbert D. Lewis* for the plaintiff.

*Edward D. McCarthy* for the defendant.

Reardon, J. The plaintiff appeals from a final decree in the Superior Court denying specific performance of an al-

leged oral contract to sell property in Cambridge and ordering the return to the plaintiff with interest of the deposit it paid to the defendant concurrent with the alleged making of the contract. We have before us findings and rulings of the judge and a transcript of the evidence.

The facts are as follows. After some months conversation relative to purchase, the plaintiff, by its president David Kagan, agreed on December 7, 1968, to buy land and a commercial garage at 227 Prospect Street in Cambridge from the defendant. Kagan gave the defendant the plaintiff corporation's check for $3,500 made out at the defendant's request to "Prospect Realty Trust, Ed Moran, trustee," and endorsed at the defendant's request on the back of the check the following words: "Deposit on property at 227 Prospect St. — Subject to approval of trust. Total price of 40 thousand dollars." The defendant held the property as trustee under an instrument recorded in 1964 which by its terms provided for its termination on the death of either the defendant or his brother Roger, who had died in April of 1968. Nonetheless, the defendant testified that he considered the trust to be in existence and fully operative. Subsequently, on December 16, 1968, the defendant endorsed the check "Prospect Realty, Moran Bros., Edward Moran," and deposited it to the account of Moran Bros. in a bank. The foregoing facts are generally agreed to.

Other testimony of Kagan and the defendant was in conflict, principally relating to the financing of the property. It is undisputed, however, that the plaintiff's place of business, about five or six blocks from 227 Prospect Street, was threatened by redevelopment and that Kagan had secured an option in the summer of 1968 on property in Somerville in order to relocate. He let this option expire on December 31, 1968, thereby forfeiting $1,200, presumably because of his decision in the interim to relocate at 227 Prospect Street pursuant to the December 7 agreement between himself and the defendant.

On January 27, 1969, the plaintiff brought this bill in equity against the defendant who, at or about the time of

receiving notice of the suit, sent the plaintiff a letter dated January 31, 1969, by certified mail stating that he would hold the property for the plaintiff until February 15 at a price of $60,000, which he represented at the trial was the figure previously agreed upon.

The judge ruled that the endorsements on the back of the check were sufficient to satisfy the statute of frauds, G. L. c. 259, § 1, and that "to the extent that an agreement to buy and sell was reached between the parties," it was enforceable. However, he went on to rule that he could not find that "the parties had reached an enforceable agreement between them," basing this ruling on mutual misunderstanding as to financial arrangements. He further ruled that viewing the December 7 events as an offer by the defendant, that offer was effectively revoked by his letter of January 31, 1969, which changed the terms of the offer. In our view there was error in the judge's ruling as to the existence of a contract on December 7, 1968, and a different result is therefore required.

1. The trial judge was correct in ruling that the endorsement on the plaintiff's check was sufficient to satisfy the statute of frauds. *Des Brisay* v. *Foss,* 264 Mass. 102, 109. *Michelson* v. *Sherman,* 310 Mass. 774, 775. *Cousbelis* v. *Alexander,* 315 Mass. 729, 730. *Epdee Corp.* v. *Richmond,* 321 Mass. 673, 675. *Pino* v. *Yenof,* 353 Mass. 775. The endorsement clearly indicates the nature of the transaction, the parties, the locus of the property, and the purchase price. No essential element of a contract for the sale of land was omitted. The fact that the memorandum is on the back of a check is immaterial (*Cousbelis* v. *Alexander, supra,* at 730), as is its silence as to when final papers will pass. In such circumstances the law will imply a reasonable time. *Atwood* v. *Cobb,* 16 Pick. 227, 231. *Tzitzon Realty Co.* v. *Mustonen,* 352 Mass. 648, 654. Nor is it material that no terms of payment are specified, for an agreement to pay cash is implied. *Ryan* v. *Hall,* 13 Met. 520, 523. *Pearlstein* v. *Novitch,* 239 Mass. 228, 232. *Epdee Corp.* v. *Richmond,* 321 Mass. 673, 675. Compare *Grace* v. *Denison,* 114 Mass. 16.

Having so ruled the judge was precluded from further ruling, as he did, that there was no contract between the parties. Although the oral contract and the memorandum evidencing it which is necessary under the statute of frauds are two distinct entities, the "statute *presupposes* a contract by parol" (emphasis supplied). *Jacobson* v. *Perman,* 238 Mass. 445, 448. If there is no contract then by definition there can be no satisfaction of the statute of frauds, for there is nothing which the memorandum can evidence.

On the other hand, a memorandum which is adequate on its face will not necessarily entitle the plaintiff to enforcement of the underlying oral contract. The memorandum must be accurate and it must contain all the provisions of the oral contract with which the plaintiff is seeking to charge the defendant. If it is silent or at variance with a portion of the oral agreement as testified to by the plaintiff *which forms part of the relief the plaintiff seeks,* specific performance will be denied. Parol evidence is not competent to supplement or vary the memorandum in such cases. *Bogigian* v. *Booklovers Library,* 193 Mass. 444, 446–447. *Dutton* v. *Bennett,* 256 Mass. 397, 403. *Fichera* v. *Lawrence,* 312 Mass. 287, 288–289. *Bouvier* v. *L'Eveque,* 324 Mass. 476, 478. Such evidence is admissible only to interpret and apply the language of the memorandum in order to ascertain the meaning of the words there used. *Michelson* v. *Sherman,* 310 Mass. 774, 777.

The relief sought by the plaintiff is in full accord with the memorandum in this case. In his bill the plaintiff states an agreement to sell consonant with the terms written on the reverse of the check. During trial he testified to his ability and willingness to complete the purchase throughout the month of December, 1968. He does not seek relief incorporating a financing arrangement other than cash payment. The relief which he seeks is entirely consistent with and adds nothing to the memorandum as it stands. All testimony at the trial of both parties on the subject of financing is thus irrelevant. *Pearlstein* v. *Novitch,* 239 Mass. 228, 232. Since the principles requiring this re-

sult are matters of substantive law it makes no difference that the incompetent testimony was not objected to nor that no motion to strike was made at the trial. *Dekofski* v. *Leite,* 336 Mass. 127, 130, and cases cited.

2. In order to entitle him to specific performance on this contract it was necessary that Kagan tender the purchase price to the defendant on behalf of the plaintiff corporation within the reasonable time implied by law unless the defendant evidenced an unwillingness or inability to convey. *Pearlstein* v. *Novitch,* 239 Mass. 228, 232. *Roche* v. *Fairbanks,* 254 Mass. 7, 9–10. *Nichols* v. *Sanborn,* 320 Mass. 436, 438. *Mahoney* v. *Beebe,* 334 Mass. 165, 168–169. *LeBlanc* v. *Molloy,* 335 Mass. 636, 638. The trial judge did not make a finding on this point because it was not germane to his view of the case, but we believe it is clear from the transcript, without requiring remand to the Superior Court, that there was no necessity on the part of the plaintiff for tender in this case. There was evidence that Kagan was ready, willing and able to perform, and this was all that was required in the circumstances. *LeBlanc* v. *Molloy, supra,* at 638. There was no contrary testimony.

We see no difficulty by reason of the putative existence of the Prospect Realty Trust. Compare *Connor* v. *Rockwood,* 320 Mass. 360. The trial judge found that the defendant on December 7, 1968, was still trustee of the trust acting under a provision of that instrument allowing him to "continue to exercise any powers and discretion hereunder for a reasonable period after the termination of the trust."

The decree is reversed and a new decree shall enter ordering the defendant to convey the premises at 227 Prospect Street, Cambridge, to the plaintiff for a price of $40,000 in cash within a period of thirty days after the entry of such decree.

*So ordered.*