LEWIS M. STILLMAN, trustee, *vs.* JOSEPH R. WATKINS,
guardian ad litem.

Suffolk.    March 10, 1975. — April 4, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Trust,* Trustee's compensation.

In a proceeding for allowance of an account under a testamentary
trust which did not specifically authorize the trustees to hire invest-
ment counsel, a determination by the judge that the type of services
rendered by investment counsel hired by the trustees lay within the
scope of the ordinary duties of the trustees themselves was within
his discretion and his consequent disallowance of items charging the
trust for such services was not plainly wrong. [176]

PETITION filed in the Probate Court for the county of
Suffolk on May 16, 1973.
The case was heard by *Warner, J.*
*Charles E. Holly* for Lewis M. Stillman, trustee.
*Joseph R. Watkins,* pro se.

HALE, C. J.    This is an appeal from a decree of a Pro-
bate Court disallowing certain items in the second account
of the surviving trustee under the will of Katherine P. Wa-
terman which charged the principal and income of the trust
a total of $2,664.96 for services rendered to the trustee by
investment counsellors in the trustee's management of the
trust portfolio.[1] A guardian ad litem objected to the allow-
ance of the account only as to those items. The case was
submitted to the court on a statement of agreed facts and
certain testimony which is not reported.
The will contains no specific provision authorizing the
trustees to hire investment counsel. The judge found that
before hiring investment counsel the trustees had obtained

---

[1] The accounting period ran to the date of death of the original co-
trustee.

the consent of the ascertained beneficiaries to expend up to $1,000 annually out of income for such purpose[2] and that the income and assets of the trust had increased during the accounting period. He further found that the rate of compensation charged by the trustees for their services as such was in accordance with generally prevailing rates of private trustees but that a charge for investment counsel in addition to a normal charge for compensation, where not specifically authorized by the governing instrument, "is not in accordance with the practice prevailing among trustees in the Boston area."

The determination by the judge, implicit from his findings and decree, that the type of services rendered by investment counsel lay within the scope of the ordinary duties of trustees, was within his discretion. Although the exercise of such discretion is subject to review on appeal (*Wasserman* v. *Locatelli*, 343 Mass. 82, 87 [1961]), such a determination will not be disturbed unless plainly wrong. *Gilbert* v. *Crane*, 353 Mass. 775 (1968).

We are not disposed to revise the decree. See Newhall, Settlement of Estates (4th ed.) § 420, and nn. 22 and 23. In arriving at our conclusion we have taken note of the character of the portfolio listed in schedule C[3] and of the transactions detailed in schedule A[4] of the account. We do not intimate that, either before or after such an expenditure is made, a judge might not allow such an expenditure in appropriate circumstances. See Loring, Trustee's Handbook (Farr Rev.) § 21, at 79-80.

*Decree affirmed.*

---

[2] Two thousand dollars of the amount in question was charged against income during the twenty-seven month period covered by the account.

[3] The portfolio is comprised sixty-seven percent of equity securities listed on the New York stock exchange, sixteen percent of high grade corporate bonds, and seventeen percent of (a) securities issued or guaranteed by the United States Government and (b) cash in banks.

[4] Six transactions occurred during the reporting period, including three sales of rights and one redemption of matured United States Treasury bonds.