Welch, J.
After a trial lasting approximately two weeks, the jury returned a verdict in favor of the plaintiff, J. Joseph Meng, a former vice president of Boston University. In answering special questions, the jury found that plaintiff had a binding severance contract with Boston University. As to damages, the juiy responded to the special questions finding that Meng deserved $195,000 (the rough equivalent of one year’s salary plus the value of benefits he was receiving) and a “key man” life insurance policy for a period of two years. The jury found that Meng was not entitled to damages for any tuition reimbursement for his children.
*329 Initially, the jury returned a verdict which responded only to the special questions concerning Meng’s breach of contract claim and did not answer the special question relating to the plaintiffs promissory estoppel. That promissory estoppel question asked whether Boston University had made a promise to the plaintiff for the purpose of inducing him to resign or to take other action which the plaintiff had reasonably relied upon to his detriment. All counsel agreed that the jury should retire and answer this question.[1] Thereupon, the jury was instructed to return to its deliberations and to answer this question. After deliberating on this question, the jury returned an answer of “no” to the promissory estoppel question.
The defendant now seeks a judgment notwithstanding the jury’s verdict or, in the alternative, a new trial. Although the matter is not free from doubt, I conclude that there is not a sufficient basis for a judgment notwithstanding the verdict or a new trial. The motion, therefore, is denied.
DISCUSSION Statute of Frauds
Perhaps the most significant issue raised by the defendant is its argument that the plaintiffs contract claim is barred by the Statute of Frauds. M.G.L.c. 259, §1(5). The defendant contends that the oral contract in this case necessarily could not be performed within one year of making that oral contract. The plaintiff claimed a contract for severance payments to be made to him for a fourteen-month period, plus all usual benefits that would accompany the payment of monthly salary for the fourteen-month period. In addition, the plaintiff claimed that Boston University contracted with him to provide a tuition reimbursement for his two children should they later apply to and be accepted at Boston University. All parties agree that if the contract was entered into, it dated from early July 1991.
I do not accept the plaintiffs assertion that there was a sufficient writing to exempt this contract from the Statute of Frauds. As was clear from the trial, the writings relied upon by the plaintiff are either memos sent from the plaintiff to John Silber, President of Boston University, or brief responses from Silber indicating a need for further review or approval of the terms, or drafts of a severance contract submitted by Boston University to Meng which Meng vigorously rej ected. None of these writings were agreed to by both sides. Instead, the testimony showed that both sides vehemently disagreed with the content of the various memoranda or draft contracts. In addition, any mem-oranda sent by John Silber to plaintiff Meng were expressly conditioned upon subsequent review and approval. As is clear from the various documents sent by Boston University to the plaintiff, there was no acknowledgment of the existence of a prior agreement between the parties. Instead, the documents are simply confirmations that further review and agreement was necessary or the documents constituted drafts submitted for purpose of negotiation. In either circumstance, it does not appear that these are the type of writings that would satisfy the Statute of Frauds. See Heller Financial v. Insurance Company of America, 410 Mass. 400, 407 (1991); A.B.C. Auto Parts, Inc. v. Moran, 359 Mass. 327, 330 (1971); Hall v. Horizon House Microwave, Inc., 24 Mass.App. 84, 93 (1987). Therefore, one is left with what the plaintiff asserted throughout this trial, an oral severance agreement.
If at all possible, an oral agreement should be construed in a manner that would take it out of the Statute of Frauds. See, e.g. Boothby v. Texon, Inc., 414 Mass. 468 (1993). Thus if there is a reasonable method by which a contract could be completed within the span of one year, it is not barred by the Statute of Frauds. See Novel Iron Works, Inc. v. Wexler Construction Co., 26 Mass.App. 401, 410-11 (1988); Bolton v. Van Heusen, 249 Mass. 503, 506 (1924). Even though plaintiff Meng’s negotiations appeared to envision the hope of receiving monthly payments for a fourteen-month period, Boston University certainly could have satisfied the contract by making a single lump sum payment within the one-year period equaling the requested salary and benefits. Indeed, that seems to be a reasonable method by which a company would pay a former employee who had severed his employment.
The more troubling aspect of the contract is the agreement that Boston University would, sometime in the future, provide tuition remission to the two children of plaintiff Meng should they apply and be accepted to Boston University. It is difficult to conceive of how that portion of the contract could be completed within one year of the date of the making of the contract. Nevertheless, that portion of the contract is obviously a contingency. Indeed, it is apparently so much of a contingency that the jury decided not to award any damages in regard to that provision. The contingency might never materialize and, thus, it appears that the contract possibly could be performed within one year. Cf. Peters v. Westborough, 36 Mass. 364 (1837); Nickerson v. Harvard College, 298 Mass. 484 (1987). This would occur if neither of the Meng children applied for admission to Boston University (a situation that actually occurred) and the salary and benefits by Mr. Meng were paid in a single lump sum within the one-year period. Although it is an interesting question, I conclude that the oral contract asserted by plaintiff Meng is not barred by the Statute of Frauds, M.G.L.c. 259, §1(5).
Consideration for the Contract Claim
The defendant’s argument that there did not exist, as a matter of law, any valid consideration to support the jury’s decision that a contract existed between *330 plaintiff Meng and Boston University is disposed of easily. There was sufficient credible evidence submitted at trial for a jury to conclude that Dr. John Silber, on behalf of Boston University, was negotiating with Meng for his amicable and cooperative resignation. Obtaining such a resignation would be something of value to Boston University. In addition, there was sufficient evidence presented that Boston University was bargaining for consideration in the form of Meng’s “transitional services,” i.e. Meng’s good faith efforts during the month of July, 1991, to effect a smooth transition between his departure and someone else taking over his responsibilities. Again, this would be adequate consideration for a severance contract.
Finally, the jury could have determined that Dr. Silber also was negotiating for yet another matter of value to Boston Universily, namely the continued services of plaintiff Meng’s wife. Mrs. Meng was also a Vice President at Boston University at that time. There was testimony from Dr. John Silber that one of his motivations in offering a generous severance package to Mr. Meng was to insure that Mrs. Meng would continue her employment at Boston University. The jury obviously focused on this piece of testimony. The jury submitted a question to the court during its deliberations regarding whether the hope of Mrs. Meng’s continued employment might be considered adequate consideration. The court instructed the jury that if they found that her continued employment was not “illusory” and that the parties were actually bargaining for Mrs. Meng’s continued employment, the possibility of continued employment could be considered valid consideration. In the context of this case, I am still comfortable with that instruction. Thus, I find no support to defendant’s argument that there did not exist, as a matter of law, any valid consideration for the contract.
Inconsistent Verdict\Promissory Estoppel Claim
As the defendant promptly noted at trial, the jury’s determination that a legally binding contract existed between the parties might be considered inconsistent with its determination that the doctrine of promissory estoppel had not been established. In determining “whether there is a inconsistency in the jury’s answers, the answers are to be viewed in the light of attendant circumstances, including the pleadings, issues submitted, and the judge’s instructions. If the jury’s answers can be harmonized, they must be resolved so as to harmonize them.” Solimene v. Grauel & Co., 399 Mass. 790, 800 (1987) (citations omitted). Given the evidence in this case, the jury’s answers to the questions can be harmonized.[2] If the jury believed that Mrs. Meng’s continued employment of Boston University was the consideration supporting the contract, then it correctly answered the promissory estop-pel question. That is because any promise made to Mr. Meng did not induce him to take any action and did not result in any detrimental reliance on his part. Likewise, the jury was instructed that the doctrine of promissory estoppel applies only if injustice would result if the agreement was not enforced. Given this instruction, it is certainly understandable why the jury initially concluded that it did not have to answer the promissory estoppel question (having found that a contract existed) and then it is understandable why a juiy could conclude that injustice would not result either; (1) because it understood that the plaintiff could recover under his contract or; (2) determined that equitable principles did not require the enforcement of any promise made by Boston University. In the context of the evidence of this case, and the judge’s instructions, there does not appear to be a fatal inconsistency in the jury’s answers to the special questions.
Conclusion
For the reasons set forth above and as stated during the trial of this matter, this court denies the defendant’s motion judgment notwithstanding the verdict or, in the alternative, for a new trial. The parties are requested to submit to the court written submissions regarding the worth of the “key man” life insurance for the two-year period of time. The jury found that this benefit had been promised to Mr. Meng and now the court must value this benefit in order for a judgment to be reduced to a monetary figure. These written submissions are requested within three weeks of the date of this opinion.

The plaintiff implies that the jury should not have been instructed to answer the promissory estoppel question. Using hindsight, the plaintiff may be correct. This, however, is a dramatic change of position for the plaintiff. During trial the plaintiff never suggested this option. Instead, the plaintiff specifically requested that the jury answer the promissory estoppel question and argued that the court should instruct the jury that it must be answered in the affirmative. The court declined to give this instruction due to the fact contract and promissory estoppel were two distinctly different causes of action (a point now stressed by plaintiff).

With the benefit of hindsight, the better course might have been not to require the jury to answer the special question relating to promissory estoppel. As this judge instructed the jury during the charge, promissory estoppel only becomes an issue if no contract existed between the parties. Having found that a contract existed, the jury initially declined to answer the promissory estoppel question, apparently recalling the judge’s instructions better than the judge himself (or counsel). The jury’s answer to the question was requested by the parties due to the still lingering issue of the statute of frauds, i. e. if the court granted j .n.o.v. on the statute of frauds argument both sides did not wish to relitigate the promissory estoppel claim. Given my rulings on the statute of frauds and the contract claim, the jury’s answer on the promissory estoppel is surplusage.