CECILE A. AUCLAIR *vs.* WALTER THOMAS & another.[1]

No. 94-P-1114.

Suffolk. April 13, 1995. - October 26, 1995.

Present: ARMSTRONG, KASS, & JACOBS, JJ.

*Real Property*, Sale, Purchase and sale agreement. *Contract*, Sale of real estate.

The unambiguous terms of a purchase and sale agreement, which was a modified version of the standard Greater Boston Real Estate Board form, permitted the sellers to use purchase money to clear the title and to record the mortgage discharge documents within a reasonable time after the delivery of the deed: the buyer's refusal to pay the balance of the purchase price at the closing constituted a breach of contract that entitled the sellers to retain the deposit as reasonable liquidated damages. [346-348]

CIVIL ACTION commenced in the Superior Court Department on August 24, 1987.

The case was heard by *J. Harold Flannery*, J., on a motion for summary judgment.

*Damon Scarano* for the plaintiff.

*Kevin G. McIntyre* for the defendants.

JACOBS, J. At the time scheduled for the conveyance of a single-family dwelling in West Roxbury, the agent for the plaintiff buyer refused to pay the balance of the purchase price, claiming that the defendant sellers had not delivered a deed conveying title free from mortgage encumbrances as required by the parties' purchase and sale agreement. When the sellers refused to return a $17,000 deposit, the buyer filed a complaint in the Superior Court, principally alleging breach of contract by the sellers. A judge of that court al-

[1]Ellen Thomas.

lowed the sellers' motion for summary judgment. We affirm the judgment.[2]

The material facts are undisputed. For their written agreement the parties used and modified a 1978 Greater Boston Real Estate Board purchase and sale standard form. The date, time and place for delivery of the deed were set forth in par. 8, which also contains the provision that "time is of the essence of this agreement." In another paragraph, the sellers were required to deliver a deed conveying "good and clear record and marketable title . . ., free from encumbrances," save for exceptions not presently material. Paragraph 14 provides: "To enable the seller[s] to make conveyance as herein provided, the seller[s] may use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests." Paragraph 22 authorizes the sellers to retain the deposit as liquidated damages and as their sole and exclusive remedy if the buyer fails to fulfill her agreements. The material modifications made by the parties (1) deleted all of par. 10, which provides for an extension of time for the sellers to remove title defects; (2) deleted all of par. 11, which gives an option to the buyer to avoid the agreement in the event of the sellers' failure to remove title defects (although par. 12, giving the buyer the option to accept such title as the sellers can deliver at the time of performance,

---

[2]Although the buyer's notice of appeal states she also appeals from the denial of her motion for summary judgment, no argument is made to us with respect to that denial and we therefore do not address it. Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975).

In a conclusory argument, the buyer claims that the sellers should have used her deposit money to clear their title. We do not address the wisdom or propriety of using deposit money for such a purpose. It is enough to note that the unpaid balance of the outstanding mortgages was larger than the amount of the deposit. That the buyer might not have known of the existence of a second mortgage until the week before the closing is irrelevant. See *Siegel* v. *Shaw*, 337 Mass. 170, 172 (1958). There is nothing in the record supporting an inference that the parties agreed that the sellers would deliver a clear title without use of the purchase money received at the closing. At most, putting aside any consideration of the parol evidence rule, the materials before the judge demonstrate only that this was the buyer's unilateral desire, communicated to the sellers shortly before the closing date.

was not changed); and (3) deleted language in par. 14 requiring that instruments clearing title be recorded simultaneously with delivery of the deed.

Two mortgages on the property were held by a Dedham bank. About a week prior to the date scheduled for delivery of the deed, the sellers informed the buyer's agent of the exact balances and instructed him to bring to the closing a check or checks to pay off the mortgages. On the evening before the scheduled conveyance, the sellers denied the buyer's request for an extension of the closing date. The next day at the Suffolk County registry of deeds, the buyer's agent refused to pay the purchase price to the sellers on the grounds that the deed did not convey title free from encumbrances, notwithstanding that the sellers presented a signed deed and payoff letters for the mortgages.

The buyer relies on the case of *Greenberg* v. *Lannigan*, 263 Mass. 594 (1928), in which the court decided that although the sellers possessed mortgage discharges which could be recorded at the time the purchase price was to be paid, the deed tendered by them at a scheduled closing was for property still encumbered by the mortgages and, therefore, not in compliance with the sellers' obligation to supply a deed free from encumbrances. That decision raised some concern in the conveyancing bar, and apparently resulted in the insertion of a clause in purchase and sale agreements such as that utilized by the parties here permitting a seller to use purchase money to clear the title.[3] See Swaim, Crocker's Notes on Common Forms § 844 (7th ed. 1955).

---

[3]See Some Opinions of the Supreme Judicial Court on Conveyancing Subjects, 13 Mass. L.Q. 58, 59-66 (May 1928); Note, 8 B.U.L. Rev. 326 (1928). The Boston Real Estate Exchange suggested language that is substantially identical to par. 14 of the standard form of the Greater Boston Real Estate Board used in this case and of the most recent revision of that form (1991); this language provides that the seller may "use the purchase money . . . to clear the title of any or all encumbrances . . ., provided that all instruments so procured are recorded simultaneously with the delivery of [the] deed." See Eno & Hovey, Real Estate Law § 797, at 725 (3d ed. 1995). See also Mendler, Massachusetts Conveyancers' Handbook § 1:9, at 26 (3d ed. 1984).

The present case presents only a question of interpreting the parties' agreement, which is unambiguous, although complicated somewhat by their modification of the standard terms contained in the Greater Boston Real Estate Board form. Such an interpretation is a question of law for the court. See *Freelander* v. *G. & K. Realty Corp.*, 357 Mass. 512, 516 (1970). We agree with the judge's conclusion that the modified purchase and sale agreement, in permitting the sellers to use purchase money to clear the title and eliminating the requirement that the discharge documents be recorded simultaneously with the deed, did not limit strictly the time for performance of such recording by the sellers. Consequently, a reasonable time is implied as matter of law. See *Kattor* v. *Adams*, 323 Mass. 686, 688 (1949); *Tzitzon Realty Co.* v. *Mustonen*, 352 Mass. 648, 654 (1967); *A.B.C. Auto Parts, Inc.*, v. *Moran*, 359 Mass. 327, 329 (1971). That time was made of the essence of the agreement in the paragraph that set the date and time for delivery of the deed does not alter our conclusion. The dictate of that provision was satisfied by the tender of the deed on the designated closing date and must be read together with par. 14. As modified by the parties, par. 14, in order "[t]o enable" the sellers "to make conveyance," permits them to "use the purchase money . . . to clear the title" while eliminating the standard requirements of the form that the purchase money be used at the time of the delivery of the deed and that the clearing documents be recorded simultaneously with the deed. Given

---

It has been noted "that buyers and sellers routinely ignore the [simultaneity] provisions of the purchase and sale agreement relating to the clearing of encumbrances." Marzelli, Massachusetts Real Estate § 1:7, at 29 (1995). Use of the more comprehensive language in par. 2.11 of the standard form of the Massachusetts Conveyancers Association (1991), see Eno & Hovey, *supra* at § 137, at 100 ("provided that all instruments necessary for this purpose are recorded . . . simultaneously with the deed or at such later time as shall be reasonably acceptable to Buyer, and provided further, with respect to discharges of mortgages from . . . banks . . ., such discharges may be recorded within a reasonable time after the recording of the deed") would appear more adequately to address this problem by defining the additional time permitted in a case involving facts such as the present one.

these modifications, the "time is of the essence" phrase reasonably may not be construed as applying to the title-clearing provisions. See and compare *Lee* v. *Dattilo*, 26 Mass. App. Ct. 185, 188-190 & n.7 (1988).

Not disputed by the buyer is the affidavit of one of the sellers to the effect that they brought to the closing "two payoff letters to send the funds to the . . .[b]ank" and that their attorney offered to go with the buyer's agent to the bank that same day "to pay off the mortgages and obtain the discharges." In the circumstances, the buyer could have accommodated the sellers and also have been assured that the purchase money payment would result in the recording of the mortgage discharge documents within a reasonable time.[4] Accordingly, her refusal to pay the balance of the purchase price constituted a breach of contract justifying the sellers' retention of the deposit. The buyer has neither demonstrated a right to the return of her deposit, see *Beck* v. *Doore*, 319 Mass. 707, 710 (1946), nor shown that the parties' agreement that the deposit be retained as liquidated damages is unreasonable. See *Lynch* v. *Andrew*, 20 Mass. App. Ct. 623, 627-628 (1985).

The request of the defendants for sanctions under G. L. c. 231, § 6F, G. L. c. 211A, § 15, and Mass.R.A.P. 25, as amended, 376 Mass. 949 (1979), is denied.

*Judgment affirmed.*

---

[4]The buyer has not explicitly argued that acceptance of the deed would have discharged the sellers from all of their obligations. However, the exception contained in par. 13 of their agreement would seem to rebut any such claim. Paragraph 13 states: "The acceptance of a deed by the buyer . . . shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of [the] deed."